STATE of Minnesota, Respondent,

v.

Donald Duane Van RULER, Appellant.

No. CX–85–1112.

Court of Appeals of Minnesota.

Dec. 3, 1985.

Hubert H. Humphrey, III, Atty. Gen., Paul R. Kempainen, Sp. Asst. Atty. Gen., St. Paul, James E. O'Neil, Pipestone Co. Atty., Pipestone, for respondent.

C. Paul Jones, Minnesota Public Defender, Steven P. Russett, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and LESLIE and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

This is an appeal from appellant's concurrent sentences for four counts of intrafamilial sexual abuse in the first degree. Appellant claims (1) the trial court abused its discretion by utilizing the *Hernandez* method of sentencing, and (2) the trial court acted improperly by refusing to depart dispositionally from the presumptive sentence and grant appellant a stayed sentence. We affirm.

## FACTS

A Pipestone County sheriff's office investigation revealed appellant had been sexually abusing his daughter from when she was six years old until she was 12½ to 13 years old. The sexual abuse in the first two years consisted primarily of touching and kissing and penetration with a finger, and later included intercourse. The acts occurred at least once a month, sometimes once every two weeks, during the period of time she was eight years old to when she was 12 years old, and decreased to once every two months when she was 12½ to 13 years old. The last incident of sexual abuse occurred in the spring of 1982.

Appellant was charged with nine counts of criminal sexual conduct in the first degree, nine counts of intrafamilial sexual abuse in the first degree for single offenses committed within six month intervals from 1977 to 1982, and one count of intrafamilial sexual abuse in the first degree—multiple acts.

At his arraignment on October 8, 1984, appellant pleaded guilty pursuant to a plea agreement to four counts of intrafamilial sexual abuse in the first degree under Minn.Stat. § 609.3641, subd. 1(1) (1984).

The trial court ordered appellant to undergo psychological evaluation at the Southwest Mental Health Center in Luverne, Minnesota before accepting his guilty plea.

On November 26, 1984, sentencing was delayed to permit appellant to continue chemical dependency treatment at the New Life Treatment Center. On December 10, 1984, appellant was ordered to undergo further evaluation at the Minnesota Security Hospital at St. Peter to determine his suitability for the intensive sexual abuse treatment program.

At appellant's sentencing hearing on March 13, 1985, evidence was presented regarding appellant's amenability to treatment. The report submitted by the medical director of the Minnesota Security Hospital and the director of the Intensive Treatment Program for Sexual Aggressives (ITPSA) at the hospital indicated that appellant was not motivated to change and not amenable to treatment. The report concluded that appellant was not an appropriate candidate for probation:

> The ITPSA team recommends that Mr. Van Ruler be returned to court for sentencing. He is not seen as a candidate for this program, nor can we recommend any other treatment strategies. Of primary concern is his pattern of systematic and lengthy perpetration of abuse on his daughter. It appears that sentencing would provide Mr. Van Ruler both with the consequence for his behavior and opportunities for treatment opportunities should he be motivated to pursue them.

Appellant contested these findings and presented testimony of a counselor and consulting psychologist at New Life Treatment Center. They testified appellant was remorseful about what had happened and amenable to treatment and appellant's primary concern was the impact his conduct might have had upon his daughter. The counselor and the psychologist drew a direct connection between appellant's chemical abuse and sexual abuse.

The ITPSA team recommended sentencing, but the New Life counselor and psychologist recommended continuing treatment. The Minnesota Security Hospital did not think appellant would be a threat to the community at large, but saw him as a risk if he got into a similar situation where there was another young female.

The trial court accepted appellant's guilty pleas and dismissed the remaining counts. Using the *Hernandez* method of sentencing, appellant was sentenced to concurrent terms of 43, 54, 65, and 76 months.

Following the sentencing hearing, appellant moved for a dispositional departure. In the alternative, appellant requested the court not use the *Hernandez* method of sentencing. The trial court denied these motions.

## ISSUES

1. Did the trial court abuse its discretion by using the *Hernandez* method of sentencing?

2. Did the trial court properly deny appellant's request for a dispositional departure?

## ANALYSIS

■ 1. Appellant claims the trial court abused its discretion by using the *Hernandez* method of sentencing to determine presumptive sentence for appellant's convictions of intrafamilial sexual abuse in the first degree because the offense consisted of multiple acts committed over a period of time and the sentence denied appellant fairness and equity in sentencing.

Appellant was convicted of four counts of intrafamilial sexual abuse in the first degree, a severity level VIII offense. The presumptive sentence for one count if the offender's criminal history score is zero is 43 months. When computing an offender's criminal history score, generally the offender is assigned one point for every felony conviction for which a felony sentence was stayed or imposed before the current sentence. Minnesota Sentencing Guidelines, Sec. II.B.1.

The Minnesota Supreme Court in *State v. Hernandez*, 311 N.W.2d 478 (Minn.1981),

held where an offender is sentenced on the same day for multiple offenses which were not part of a single behavioral incident, a trial court may increase the defendant's criminal history score by each felony sentence as it is stayed or imposed. *Hernandez* differs from this matter because the multiple convictions in *Hernandez* did not involve the same victim. The *Hernandez* court cautioned that concurrent sentencing must not be used to manipulate the guidelines to achieve a substantive result not intended by the guidelines. *Id.* at 481.

In *State v. Eggert*, 358 N.W.2d 156 (Minn.Ct.App.1984), defendant was convicted of eight counts of intrafamilial sexual abuse and criminal sexual conduct involving the same victim. We upheld the trial court's use of the *Hernandez* method of sentencing. Defendant received criminal history points for convictions on the counts involving separate incidents, and he was given a concurrent prison sentence. *Id.* at 159.

The guidelines require the imposition of concurrent sentencing for multiple convictions of criminal sexual conduct involving the same victim. Minnesota Sentencing Guidelines, Sec. II.F. The *Hernandez* method may be used by the trial court, in its discretion, when a person is being sentenced on the same day for multiple separate acts, provided it is not used to achieve a substantive result not intended by the guidelines. Equity and fairness in sentencing is one of the primary purposes of the guidelines. *See State v. Vazquez*, 330 N.W.2d 110, 111 (Minn.1983).

The trial court did not abuse its discretion in using the *Hernandez* method of sentencing and appellant's sentence was not unfair or inequitable.

2. Appellant claims the trial court improperly denied his request for a dispositional departure on the sole ground that imprisonment would deter others from committing similar crimes in the future.

The Minnesota Supreme Court has stated:

[W]e do not intend entirely to close the door on appeals from refusals to depart. However, we believe that it would be a rare case which would warrant reversal of the refusal to depart. As we stated in *State v. Garcia*, 302 N.W.2d 643, 647 (Minn.1981), the Guidelines state that when substantial and compelling circumstances are present, the judge "may" depart. This means that the trial court has broad discretion and that we generally will not interfere with the exercise of that discretion.

*State v. Kindem*, 313 N.W.2d 6, 7 (Minn. 1981).

The major factor to consider in downward dispositional departures is the offender's amenability to probation. When an offender is convicted of intrafamilial sexual abuse pursuant to Minn.Stat. § 609.-3641, subd. 1(1), the trial court may stay imposition or execution of sentence if a stay is in the best interest of the complainant or family unit.

A finding an offender is particularly amenable to probation and unamenable to imprisonment may justify a dispositional departure. *State v. Trog*, 323 N.W.2d 28, 31 (Minn.1982). The trial court may consider the nonexclusive mitigating factors enumerated in the sentencing guidelines, focusing primarily on the degree of the defendant's culpability. Minnesota Sentencing Guidelines, Sec. II.D.2.a. In addition, the court may focus on the defendant as an individual and try to determine whether the presumptive sentence would be best for him and for society. *State v. Wright*, 310 N.W.2d 461, 462 (Minn.1981). Factors considered by the trial court may include defendant's age, prior record, remorse, cooperation, attitude in court, and the support of friends or family. *State v. Trog*, 323 N.W.2d at 31.

Although the trial court is required to give reasons for departure, an explanation is not required when the court considers reasons for departure but elects to impose the presumptive sentence. *State v. Theisen*, 363 N.W.2d 867, 869 (Minn.Ct. App.1985), *pet. for rev. denied*, (Minn. May 18, 1985). The reviewing court may not

interfere with the sentencing court's exercise of discretion, as long as the record shows the sentencing court carefully evaluated all the testimony and information presented before making a determination.

Here the trial court carefully evaluated all the testimony. The court considered the recommendations from the Minnesota Security Hospital and New Life and discussed the factors in determining whether appellant should receive a dispositional departure from the presumptive sentence. No abuse of discretion has been demonstrated.

## DECISION

The trial court acted within its discretion in using the *Hernandez* method of sentencing. The *Hernandez* method of sentencing did not deprive appellant of a fair and equitable sentence. The trial court acted within its discretion in sentencing appellant to a presumptive executed sentence and rejecting appellant's request for a downward dispositional departure.

Affirmed.