*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-2310**

State of Minnesota, Respondent,

vs.

Gary Richard Wessman,
Appellant.

**Filed September 22, 2014
Affirmed
Ross, Judge**

St. Louis County District Court
File No. 69VI-CR-13-553

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Mark S. Rubin, St. Louis County Attorney, Duluth, Minnesota; and

Michelle M. Anderson, Assistant County Attorney, Virginia, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Chang Y. Lau, Assistant Public
Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Halbrooks, Presiding Judge; Ross, Judge; and Chutich,
Judge.

**U N P U B L I S H E D   O P I N I O N**

**ROSS**, Judge

Convicted felon Gary Wessman nabbed an enemy and held him at gunpoint.

Wessman pleaded guilty to false imprisonment and to possessing a firearm as a

prohibited person, a crime that includes a mandatory five-year prison sentence. He requested a downward dispositional departure, claiming that mitigating circumstances justify it. The district court denied the request, and on appeal Wessman maintains that the district court failed to meaningfully consider those circumstances. Because the record informs us that the district court considered factors relevant to Wessman's departure request and those factors do not require a sentencing departure, and because Wessman's additional arguments presented in a supplemental pro se brief do not persuade us, we hold that the district court did not abuse its discretion by choosing not to depart, and we affirm.

**FACTS**

Gary Wessman's illegal firearm charge arose from an incident early one morning in April 2013. A group of angry men arrived at Wessman's Aurora home armed with baseball bats to settle a dispute over words between one of Wessman's companions and a member of the group. Wessman had been drinking alcohol heavily and knew that drinking violated the conditions of the probationary felony sentence he was serving. Wessman's dispute-resolution strategy therefore did not involve calling the police. He went outside and told the bat-wielding assembly, "If anybody f- -ks with my family, I'm going to kill you. If the cops show up, I'll beat the sh-t out of them too."

That approach didn't work; the angry group remained. Wessman handed his friend a knife and openly loaded a bullet into the chamber of a handgun. Soon Wessman noticed that one of his companions was missing. He inferred that a member of the rival group had

taken him. Wessman therefore grabbed one of the rivals and, holding him at gunpoint, forced him inside and threatened to kill him if Wessman's companion did not reappear.

Someone called the police, and the police arrested Wessman.

The state charged Wessman with kidnapping, false imprisonment, second-degree assault, terroristic threats, and, because he had a felony drug conviction, possessing a firearm while ineligible to do so. Wessman and the state settled on a plea agreement in which Wessman would plead guilty to false imprisonment and illegally possessing a firearm and the state would dismiss the other charges, consent to concurrent sentences on the two convictions and on the sentence Wessman faced for violating his probation, remain silent when Wessman argued for a dispositional sentencing departure, and consent to arranging the offenses in a particular order for sentencing purposes.

The district court did not immediately accept Wessman's guilty plea, and it scheduled a sentencing hearing and ordered a presentence investigation. Recognizing that the felon-in-possession statute requires a five-year minimum sentence, *see* Minn. Stat. § 609.11, subd. 5 (2012), Wessman filed a motion for a downward dispositional departure asking the district court to stay his sentence and impose probation. He claimed 12 mitigating factors supported his departure request. In summary, he maintained that he did not start the fight, that he acted only out of fear for his safety and the safety of others, that he had no prior violent criminal convictions, and that he was chemically dependent with mental-health difficulties.

At the sentencing hearing, the state agreed with the presentence investigation and asked the district court to accept the probation office's recommendation that Wessman's

3

sentence be executed. Wessman restated his reasons for a dispositional departure and added that the gun belonged to his parents, that his criminal history included no violent weapons-related offenses, and that he showed remorse. The district court asked why Wessman had not simply called police, and Wessman's counsel responded that Wessman was drunk and did not want to be found violating his probation. Wessman spoke briefly, claiming remorse and asking for treatment instead of incarceration.

The district court denied Wessman's motion after it discussed factors relevant to the departure request. It considered whether Wessman's possession crime as committed was less serious than as typically committed, whether Wessman played a key role, whether he had previously violated his probation, and whether the probation officer requested that Wessman's sentence be executed. It found that Wessman's crime was not less onerous than the typical case, that Wessman escalated the confrontation and even returned to it, and that he is not amenable to probation. The district court then summarized the issues related to the request ostensibly from Wessman's perspective, explaining that the case

> c[ame] down to . . . [i]f I hadn't been on probation and drinking, this would never have happened, because I would never have put myself in these circumstances. All of these people came to the house, but I could have called the police, but I didn't call the police because I didn't want to get in trouble for being drunk while I was on probation.

The district court found no factors justifying a downward departure or supporting probation, and it imposed the guidelines presumptive sentence and revoked Wessman's probation.

Wessman now appeals his sentence both through counsel and in a separate pro se supplemental brief raising additional arguments.

**D E C I S I O N**

**I**

Wessman first argues that the district court failed to consider mitigating circumstances that should have led it to depart dispositionally. His argument does not persuade us.

We will reverse a district court's decision not to depart only if the decision reflects a clear abuse of discretion. *State v. Schmit*, 601 N.W.2d 896, 898 (Minn. 1999). A district court must impose the guidelines presumptive sentence unless it can identify substantial and compelling circumstances that justify a departure. *State v. Johnson*, 831 N.W.2d 917, 925 (Minn. App. 2013), *review denied* (Minn. Sept. 17, 2013). "Substantial and compelling" circumstances exist when the circumstances "make the facts of a particular case different from a typical case." *State v. Peake*, 366 N.W.2d 299, 301 (Minn. 1985). The district court's discretion not to depart is so broad that the supreme court predicted that we will reverse a decision imposing a presumptive sentence only in a "rare" case. *State v. Kindem*, 313 N.W.2d 6, 7 (Minn. 1981).

Wessman contends that the district court failed to meaningfully consider the alleged mitigating factors in his case. The record belies this contention. Wessman argues that the court erred by imposing the presumptive sentence after failing to "expressly address" mitigating factors or weigh factors supporting departure "side-by-side" with those for nondeparture. To determine whether a sentencing departure and probation are

5

justified, the district court should consider, among other things, the defendant's age, prior record, remorse, cooperation, attitude in court, and support of family and friends. *State v. Trog*, 323 N.W.2d 28, 31 (Minn. 1982). Wessman is correct that the district court must consider factors that may justify a departure, *State v. Kier*, 678 N.W.2d 672, 677 (Minn. App. 2004), but he wrongly implies that it must discuss every factor on the record before imposing a presumptive sentence, *State v. Pegel*, 795 N.W.2d 251, 254 (Minn. App. 2011). That a mitigating factor exists, without more, does not require the district court to depart. *State v. Jackson*, 749 N.W.2d 353, 360 (Minn. 2008). If the record demonstrates that the sentencing court carefully evaluated the testimony and evidence before imposing its sentence, we will affirm the presumptive sentence. *State v. Van Ruler*, 378 N.W.2d 77, 80–81 (Minn. App. 1985).

The record demonstrates that the district court considered Wessman's arguments and only after careful deliberation decided not to depart. The district court viewed the factors it was required to consider and found that the case was not atypical. It opined that Wessman did not play a merely passive role in the confrontation. It considered but rejected Wessman's intoxication excuse and questioned Wessman's decision to inflame the dispute through confrontation rather than to call police. It observed that Wessman had failed treatment programs and repeatedly violated probation. The district court also acknowledged Wessman's probation officer's opinion that Wessman is unamenable to probation. Only after "looking at all of the conditions that the state says and that the courts and the statutes say" could justify a departure, it concluded that it could "find nothing that even comes close to mitigating" Wessman's criminal conduct. We recognize

6

that the district court did not expressly address each of Wessman's alleged mitigating factors, but its analysis was reasoned and thorough. The district court did not abuse its discretion by imposing the guidelines presumptive sentence.

## II

Wessman makes three additional arguments in a pro se brief. None convinces us that we should reverse.

He first blames the probation office. He argues that it wrongly failed to provide him with proper treatment, failed to return him to custody for failing a urinalysis (custody that presumably would have kept him from becoming involved in the fracas), and failed to remedy his chemical dependency. He also blames his probation officer for failing to inspect his home to ensure that he had no access to firearms. But the district court heard and reasonably rejected these you-failed-to-protect-me-from-myself arguments. During the sentencing hearing, Wessman's attorney insisted that many of Wessman's problems arise from his substance abuse and gave an account of Wessman's treatment history. The attorney also told the district court that the guns belonged to Wessman's parents. The district court did not abuse its discretion by weighing these contentions and appropriately finding no basis to depart.

Wessman next accuses the district court of "just ignor[ing]" him at the sentencing hearing. But the record indicates that the district court asked Wessman whether he had anything to say and heard him apologize for his actions, acknowledge that he had no excuse for them, and request probation instead of prison. That the district court was not

7

persuaded that Wessman's proffered contrition warranted a departure does not establish that it "ignored" his statements.

Wessman finally claims that the district court improperly prohibited his mother from speaking at the sentencing hearing. The district court "must allow" persons supporting the defendant to speak at the sentencing hearing. Minn. R. Crim. P. 27.03, subd. 3(B). And it must do so "[b]efore pronouncing sentence." *Id*. The record informs us that a woman who was not identified at the proceeding (but whom we presume is Wessman's mother) attempted to speak only *after* the district court pronounced the sentence. The record does not suggest that anyone ever sought but was denied permission to speak *before* the district court pronounced the sentence. Wessman's rule-based argument therefore fails. Wessman also fails to show how this circumstance caused him actual prejudice, a prerequisite for reversal. *See State ex rel. Thunstrom v. Tahash*, 283 Minn. 239, 244–45, 167 N.W.2d 139, 144 (1969).

Having considered Wessman's supplemental arguments, we do not alter our conclusion that the district court acted within its broad sentencing discretion by imposing the presumptive guidelines sentence.

**Affirmed.**