*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0551**

State of Minnesota,
Respondent,

vs.

Albert Joe Ryans, Jr.,
Appellant.

**Filed October 27, 2014
Affirmed
Connolly, Judge**

Olmsted County District Court
File No. 55-CR-13-4366

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Mark A. Ostrem, Olmsted County Attorney, James P. Spencer, Assistant County Attorney, Rochester, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Jessica Merz Godes, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Hooten, Presiding Judge; Connolly, Judge; and Johnson, Judge.

**CONNOLLY**, Judge

Appellant challenges his sentence, arguing that the district court abused its discretion by denying his motion for a downward dispositional departure. We affirm.

**FACTS**

On July 3, 2013, appellant Albert Ryans Jr. attended a social gathering in Rochester. Officers from the Rochester Police Department were dispatched to the area in response to a 911 call reporting a disturbance. While conducting surveillance, an officer observed appellant walk to his car, remove a sawed-off shotgun from the waistband of his pants, and place it in the trunk. The officer identified himself and arrested appellant.

The state charged appellant with possession of a firearm by an ineligible person in violation of Minn. Stat. § 624.713, subd. 1(2) (2012). The offense carries a mandatory minimum sentence of 60 months in prison. *See* Minn. Stat. § 609.11, subd. 5(b) (2012) ("Any defendant convicted of violating section 609.165 or 624.713, subdivision 1, clause (2), shall be committed to the commissioner of corrections for not less than five years, nor more than the maximum sentence provided by law."). On November 12, 2013, appellant pleaded guilty to the charged offense with the understanding that the state would recommend the mandatory 60-month prison sentence, but that appellant would be able to move for a sentencing departure. Appellant filed a motion for a downward dispositional departure later that day. On January 2, 2014, the district court denied appellant's motion and sentenced him to 60 months in prison.

**D E C I S I O N**

Appellant argues that the district court abused its discretion by denying his motion for a downward dispositional departure because there were substantial and compelling circumstances in his case to warrant a departure. We disagree.

The district court must order the presumptive sentence provided in the sentencing guidelines unless the case involves "substantial and compelling circumstances" to warrant a downward departure.[1] *State v. Kindem*, 313 N.W.2d 6, 7 (Minn. 1981). We review a district court's decision to grant or deny a departure from the presumptive sentence for abuse of discretion, *State v. Geller*, 665 N.W.2d 514, 516 (Minn. 2003), and will reverse a presumptive sentence only in rare cases, *Kindem*, 313 N.W.2d at 7.

This court "may not interfere with the [district] court's exercise of discretion, as long as the record shows the [district] court carefully evaluated all the testimony and information presented before making a determination." *State v. Van Ruler*, 378 N.W.2d 77, 80-81 (Minn. App. 1985). Where substantial and compelling circumstances for departure exist, the district court must deliberately consider those circumstances before imposing the presumptive sentence. *State v. Curtiss*, 353 N.W.2d 262, 264 (Minn. App.

---

[1] If an offense carries a mandatory minimum sentence, the presumptive sentence is the longer of either the mandatory minimum or the guidelines sentence. Minn. Sent. Guidelines 2.E (2013). Possession of a firearm by an ineligible person has a severity level of six. Minn. Sent. Guidelines 5.B (2013). Appellant had a criminal-history score of 1, making the presumptive sentence under the Guidelines 27 months on probation. Minn. Sent. Guidelines 4.A (2013). Because the statutory mandatory minimum is 60 months in prison, the presumptive sentence is 60 months in prison. Minn. Stat. § 609.11, subd. 5(b).

1984). No explanation is required when the district court considers reasons for a departure but imposes a presumptive sentence. *Van Ruler*, 378 N.W.2d at 80.

Appellant argues that the district court abused its discretion by denying his motion for a downward dispositional departure without considering his amenability to probation. We disagree. In determining whether to depart from a presumptive sentence, a district court may consider the individual's amenability to probation. *State v. Heywood*, 338 N.W.2d 243, 244 (Minn. 1983). In doing so, the district court may consider factors such as "the defendant's age, his prior record, his remorse, his cooperation, his attitude while in court, and the support of friends and/or family." *State v. Trog*, 323 N.W.2d 28, 31 (Minn. 1982). "[T]he mere fact that a mitigating factor is present in a particular case does not obligate the court to place defendant on probation or impose a shorter term than the presumptive term." *State v. Pegel*, 795 N.W.2d 251, 253-54 (Minn. App. 2011) (quotation omitted).

At appellant's sentencing hearing, and following both parties' arguments regarding appellant's motion for a downward dispositional departure, the district court explained that it reviewed "the record as a whole, the file, the report, the arguments of the attorneys, and the statement of the defendant," but did not find substantial and compelling reasons warranting a downward dispositional departure. It first noted appellant's age and prior record by stating, "the defendant is relatively young, he is 20 years old. His prior record is somewhat concerning considering his relative young age." Despite appellant's age, this is not his first experience with law enforcement. He has previously been adjudicated delinquent for several misdemeanors and two felonies.

4

Thus, the district court considered this factor before deciding that it was not a substantial and compelling circumstance warranting a departure from the presumptive guidelines sentence.

The district court also noted appellant's remorse and attitude on the record. It stated, "[t]he defendant does state remorse, however, it doesn't appear to me that there's much that I can say one way or another regarding this issue." Similarly, the district court noted that appellant "has been professional, appropriate, and there's nothing that I've observed one way or the other that would support or not support a departure." Even though the court recognized appellant's apparent remorse and appropriate attitude, the mere existence of mitigating factors does not obligate the court to depart from the presumptive sentence. *State v. Wall*, 343 N.W.2d 22, 25 (Minn. 1984). Moreover, the district court specifically found that appellant's lack of cooperation weighed against granting a dispositional departure based on appellant's failure to cooperate with the completion of the presentence investigation despite being ordered to do so.

The district court also considered the support of appellant's family and friends and stated,

> I can't tell from the PSI with how it's written or by the statements offered by defendant as to whether or not he has the support of family or friends. The support that he does have from friends is concerning as most of those that he does associate with have significant criminal ties as well, very involved in the criminal justice system, and engaged in the behaviors to which the defendant is appearing before the Court for sentencing today.

The record demonstrates that the district court considered appellant's amenability to probation before imposing the presumptive guidelines sentence. Consequently, we conclude that the district court did not abuse its discretion by denying appellant's motion for a downward dispositional sentencing departure.

Appellant also argues that "other key factors support a dispositional departure." We disagree. First, he argues that the district court erred by relying on the PSI which contained three-year-old psychological evaluations. But, appellant did not challenge the contents or make corrections to the PSI in district court. Appellant argues that he is especially amenable to probation because he has never had the opportunity to undergo adult programming. Appellant raised this argument and the district court rejected it, noting "I can see that he was offered a number of services at Red Wing. And as noted in that PSI, he responded poorly to all efforts of the criminal justice system to affect positive change." We conclude that the district court considered and carefully evaluated the information presented before deciding to impose the presumptive sentence of 60 months in prison. *See Van Ruler*, 378 N.W.2d at 80-81 (stating that this court may not interfere with the district court's decision to impose the presumptive sentence if the record shows that it carefully evaluated the information presented before making its decision). This is not a rare case in which we would reverse the imposition of a guidelines sentence. *See Kindem*, 313 N.W.2d at 7. Consequently, the district court properly exercised its discretion by denying appellant's motion for a downward dispositional departure.

**Affirmed.**