*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1584**

State of Minnesota,
Respondent,

vs.

Adam Michael Lee,
Appellant

**Filed August 24, 2015
Affirmed
Chutich, Judge**

Sherburne County District Court
File No. 71-CR-13-1231

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Kathleen A. Heaney, Sherburne County Attorney, Leah G. Emmans, Assistant County Attorney, Elk River, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Veronica Surges Shacka, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Ross, Presiding Judge; Larkin, Judge; and Chutich, Judge.

**U N P U B L I S H E D   O P I N I O N**

**CHUTICH**, Judge

Appellant Adam Lee challenges the imposition of the mandatory minimum sentence for criminal sexual conduct in the first degree, arguing that the district court

abused its discretion by not granting him a dispositional departure. Because the district court carefully considered the relevant departure factors before exercising its broad discretion to impose a presumptive sentence, we affirm.

**FACTS**

In 2005, Adam Lee was the track coach at Apollo High School in St. Cloud. He became acquainted with H.G., the track team's manager, who was 15 years old at the time. Lee held a position of authority over H.G.

One night in May 2005, Lee had sexual intercourse with H.G. The two chatted online, and then Lee said that he would pick up H.G. from her grandparents' house late in the evening. After picking her up, Lee drove the two to a gravel road where they had intercourse.

H.G. did not report this incident until 2011 and 2013.[1] The state charged Lee with first- and second-degree criminal sexual conduct. *See* Minn. Stat. §§ 609.342, subd. 1(b), .343, subd. 1(b) (2004). Lee agreed to plead guilty to first-degree criminal sexual conduct while retaining the right to request a dispositional departure; in exchange, the state agreed to seek only the mandatory minimum sentence of 144 months. *See* Minn. Stat. § 609.342, subd. 2(b) (2004). Sentencing was to occur in April 2014, but the district court postponed the hearing when it received new information, including a Sheriff's Incident Report about possible child pornography on Lee's computer.

The district court considered Lee's downward dispositional motion at the next sentencing hearing. Lee's Alcoholics Anonymous sponsor testified about Lee's progress

---

[1] It is unclear from the record why the incident was reported twice.

2

staying sober. H.G. spoke about how this encounter has continued to negatively affect her life. The district court also considered two psychosexual evaluations: one from 2014 attached to the presentence investigation report, and one from 2013 conducted for a separate case.[2] Lee also spoke at the hearing.

The district court thoroughly weighed and discussed the pertinent factors from *State v. Trog*, 323 N.W.2d 28 (Minn. 1982), in explaining its decision that a dispositional departure was not appropriate. It found that Lee's age, 25 at the time of the offense, did not weigh in favor of departure, given his position of authority over H.G. The district court found that Lee's prior criminal record did not directly affect that *Trog* factor: although he had no criminal record at the time of the offense, the district court was concerned about his subsequent offenses and convictions.

The district court noted that Lee had consistently expressed remorse before the court. But it also stated that in his psychosexual examination, Lee said that the offense occurred when H.G. was 16 years old.[3] And it further stated that Lee did not report the sexual conduct to law enforcement in his earlier case. More importantly to the district court, in his first psychosexual examination, Lee did not disclose this incident; this failure to disclose did not demonstrate remorse.

---

[2] In 2013, Lee pleaded guilty to third-degree criminal sexual conduct and soliciting a child to engage in sexual conduct. The charges stemmed from Lee having sex with a 17-year-old student, exchanging sexual texts with a ninth-grade student, and messaging a 13-year-old student.

[3] Lee pleaded guilty to first-degree criminal sexual conduct/position of authority. This crime requires that the victim be "at least 13 years of age but less than 16 years of age." Minn. Stat. § 609.342, subd. 1(b). Therefore, had H.G. been 16 years old at the time, Lee could not be found guilty.

As to Lee's cooperation, the district court noted that he cooperated by pleading guilty. But the district court also found that he failed to cooperate by not disclosing the sexual conduct earlier and by not disclosing the extent of his relationship with pornography. The district court found that Lee's attitude in court was appropriate. But the district court was troubled by discrepancies in Lee's statements. It noted that Lee testified at the guilty plea hearing that the sexual conduct occurred in May and then stated in his psychosexual evaluation that the incident occurred later that summer, when H.G. would have been 16.

Finally, the district court found that Lee's support from his family and friends somewhat favored departure. But the district court further stated that a text Lee had sent to his wife was "tantamount to a threat of retaliation."

Considering all the circumstances, the district court found it had no grounds under the *Trog* factors to determine that Lee was so amenable to treatment or probation to justify a downward departure. It sentenced Lee to 144 months in prison, the mandatory minimum sentence. *See* Minn. Stat. § 609.342, subd. 2(b). Lee appealed.

## D E C I S I O N

We afford a district court "'great discretion in the imposition of sentences' and reverse sentencing decisions only for an abuse of that discretion." *State v. Soto*, 855 N.W.2d 303, 307-08 (Minn. 2014) (quoting *State v. Spain*, 590 N.W.2d 85, 88 (Minn. 1999)). Only in a rare case will we reverse a district court's imposition of the presumptive sentence. *State v. Kindem*, 313 N.W.2d 6, 7 (Minn. 1981).

4

A district court must pronounce a presumptive sentence unless substantial and compelling circumstances exist; accordingly, it may depart only if aggravating or mitigating circumstances are present. *Soto*, 855 N.W.2d at 308. "Although the [district] court is required to give reasons for departure, an explanation is not required when the court considers reasons for departure but elects to impose the presumptive sentence." *State v. Van Ruler*, 378 N.W.2d 77, 80 (Minn. App. 1985). Furthermore, we "may not interfere with the sentencing court's exercise of discretion, as long as the record shows the sentencing court carefully evaluated all the testimony and information presented before making a determination." *Id.* at 80-81.

Criminal sexual conduct in the first degree carries a presumptive sentence of 144 months in prison, and sentencing an offender to any other sentence is considered a departure from the Minnesota Sentencing Guidelines. Minn. Stat. § 609.342, subd. 2(b) (2004); Minn. Sent. Guidelines II.C (2004). The district court imposed that presumptive sentence here.

Lee argues that the district court abused its discretion by failing to grant him a downward dispositional departure. He claims that his particular amenability to probation and success in sex-offender treatment demonstrate that the district court abused its discretion. We disagree.

When a district court has discretion to depart, "it must exercise that discretion by deliberately considering circumstances for and against departure." *State v. Mendoza*, 638 N.W.2d 480, 483 (Minn. App. 2002), *review denied* (Minn. Apr. 16, 2002). The record here demonstrates that the district court deliberately and thoroughly considered

circumstances for and against departure before exercising its broad discretion and electing to impose a presumptive sentence. It discussed each *Trog* factor individually and considered whether each factor weighed for or against departure. Given the district court's careful consideration of the record, we conclude that it properly exercised its discretion by electing to impose the presumptive sentence. *See State v. Pegel*, 795 N.W.2d 251, 254-55 (Minn. App. 2011) (holding that the district court properly exercised its discretion by not departing where the record showed that it considered all circumstances).

Lee also submitted a pro se supplemental brief and a pro se reply brief, both of which further argued why he should have received a downward departure. We have carefully reviewed Lee's claims but, for reasons discussed above, these arguments lack merit.

**Affirmed.**