*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*


**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1327**


State of Minnesota,
Respondent,

vs.

David Arthur Barnes,
Appellant.


**Filed June 6, 2016
Affirmed
Johnson, Judge**

Chisago County District Court
File No. 13-CR-14-731


Lori Swanson, Attorney General, St. Paul, Minnesota; and

Janet Reiter, Chisago County Attorney, David Hemming, Assistant County Attorney, Center City, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Michael W. Kunkel, Assistant Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Reyes, Presiding Judge; Johnson, Judge; and Bratvold,

Judge.

**JOHNSON**, Judge

David Arthur Barnes pleaded guilty to first-degree criminal sexual conduct. Before sentencing, he moved for a downward dispositional departure. The district court denied his motion and imposed a sentence within the presumptive guidelines range. We affirm.

## FACTS

In November 2012, Barnes moved to Minnesota to live with his step-brother, T.P., who lived with his wife and two step-daughters, X.X. and Y.Y. In August 2014, after Barnes had moved out of the home, X.X. told T.P. and his wife that she and Barnes had engaged in sexual conduct. T.P. and his wife reported Barnes to the Chisago County Sheriff's Office.

In September 2014, the state charged Barnes with (1) first-degree criminal sexual conduct, in violation of Minn. Stat. § 609.342, subd. 1(b) (2012), and (2) first-degree criminal sexual conduct, in violation of Minn. Stat. § 609.342, subd. 1(h)(iii). In March 2015, Barnes pleaded guilty to count 2. He admitted that he engaged in sexual conduct toward X.X. between 10 and 15 times when she was 15 years old, during which time he was 28 years old. At the plea hearing, Barnes's attorney said that he intended to bring a motion for a downward dispositional departure at sentencing. In anticipation of Barnes's motion, the district court ordered Barnes to complete a sex-offender assessment.

Before sentencing, Barnes submitted the report of a dispositional advisor, who recommended a downward dispositional departure. The dispositional advisor recommended a departure because of Barnes's age, limited criminal history, remorse,

cooperation, and support system. The dispositional advisor also highlighted the sex-offender assessment, which stated that Barnes is amenable to outpatient sex-offender treatment. The state opposed the motion and requested a presumptive guidelines sentence of 144 months of imprisonment. *See* Minn. Sent. Guidelines 4.B (2012 & 2013). At sentencing, Barnes made a personal statement expressing remorse. The district court denied Barnes's motion for a downward dispositional departure and imposed a presumptive guidelines sentence of 144 months of imprisonment. Barnes appeals.

## D E C I S I O N

Barnes argues that the district court erred by denying his motion for a downward dispositional departure.

The Minnesota Sentencing Guidelines provide for a presumptive sentence for a felony offense. Minn. Sent. Guidelines 2.C (2012 & 2013). The presumptive sentence is "presumed to be appropriate for all typical cases sharing criminal history and offense severity characteristics." Minn. Sent. Guidelines 1.B.12 (2012 & 2013). Accordingly, a district court "must pronounce a sentence within the applicable [presumptive] range unless there exist identifiable, substantial, and compelling circumstances to support a" departure. Minn. Sent. Guidelines 2.D.1 (2012 & 2013); *see also State v. Kindem*, 313 N.W.2d 6, 7 (Minn. 1981). If the district court departs from the presumptive guidelines range, the district court is required to state the reason or reasons for the departure. Minn. Sent. Guidelines 2.D.1.c. But if the district court does *not* depart, the district court is *not* required to state reasons for imposing a guidelines sentence. *State v. Johnson*, 831 N.W.2d 917,

3

925 (Minn. App. 2013), *review denied* (Minn. Sept. 17, 2013); *State v. Van Ruler*, 378 N.W.2d 77, 80 (Minn. App. 1985).

A district court may grant a downward dispositional departure from the presumptive guidelines range if a defendant has a "particular amenability to individualized treatment in a probationary setting." *State v. Trog*, 323 N.W.2d 28, 31 (Minn. 1982). In considering whether a defendant is particularly amenable to probation so as to justify a downward dispositional departure, a district court may consider, among other things, "the defendant's age, his prior record, his remorse, his cooperation, his attitude while in court, and the support of friends and/or family." *Id.* If the defendant requests a downward dispositional departure, the district court must "deliberately consider[]" the factors that are urged by a defendant in support of the motion. *State v. Mendoza*, 638 N.W.2d 480, 483 (Minn. App. 2002), *review denied* (Minn. Apr. 16, 2002). "[T]he mere fact that a mitigating factor is present . . . does not obligate the court to place [a] defendant on probation." *State v. Pegel*, 795 N.W.2d 251, 253 (Minn. App. 2011) (quotation omitted). Furthermore, if there are valid reasons for refusing to depart, a district court is not obligated to depart based on the existence of a mitigating factor. *See State v. Bertsch*, 707 N.W.2d 660, 668 (Minn. 2006); *Kindem*, 313 N.W.2d at 7-8. This court applies a very deferential standard of review to a district court's denial of a defendant's motion for a downward dispositional departure. *See Bertsch*, 707 N.W.2d at 668. We will reverse such a decision only if the district court abused its discretion. *Pegel*, 795 N.W.2d at 253.

In this case, the district court received oral argument from Barnes's attorney and Barnes's personal statement at the sentencing hearing. The district court then addressed

Barnes directly and explained its reasoning and decision in detail. The district court began by assuring Barnes that his arguments and statement had been fully considered:

> Mr. Barnes, I have given this great consideration so I want you to understand that. I have reviewed the complaint, your plea hearing, the information provided by the dispositional advisor, the psychosexual evaluation that was completed, the Department of Corrections Pre-Sentence Investigation, and I have read them at least two to three times each.

The district court then reviewed the sentencing guidelines and the law concerning departures from the presumptive guidelines sentence. The district court commented on each of the mitigating factors put forward by Barnes's attorney. Specifically, the district court noted that Barnes is not as young as the defendant in *Trog*, that he has two prior misdemeanor convictions, that he appears remorseful, that he has been cooperative during court proceedings, and that he has limited family support. The district court then noted that Barnes had committed a sexual offense over an extended period of time against a young relative who previously had been a victim of sexual abuse. The district court expressed concern that Barnes lacked understanding of the harmfulness of his conduct and expressed doubt as to whether Barnes would be successful in outpatient sex-offender treatment. The district court concluded by stating, "The Court finds based upon this information that there are no substantial and compelling circumstances to sentence you outside the sentencing guidelines grid. There are not enough mitigating factors to overcome the presumptive sentence in this case."

The district court's careful attention to Barnes's motion and the relevant factors demonstrates that the district court "deliberately considered" the relevant factors and

5

exercised its discretion when it denied the motion. *See Mendoza*, 638 N.W.2d at 483. No more is required. *See Johnson*, 831 N.W.2d at 925; *Van Ruler*, 378 N.W.2d at 80. Furthermore, the district court's stated reasons for denying Barnes's motion are valid reasons because a district court may consider offense-related factors when considering a motion for a downward dispositional departure. *See State v. Soto*, 855 N.W.2d 303, 313 (Minn. 2014); *State v. Chaklos*, 528 N.W.2d 225, 228 (Minn. 1995); *Kindem*, 313 N.W.2d at 7-8.

In sum, the district court did not err by denying Barnes's motion for a downward dispositional departure.

**Affirmed.**