*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A23-0447**

State of Minnesota,
Respondent,

vs.

Tarik Toyshawn Smith-Whitmore,
Appellant.

**Filed February 5, 2024**
**Affirmed**
**Reyes, Judge**

Hennepin County District Court
File No. 27-CR-20-21536

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Mary F. Moriarty, Hennepin County Attorney, Linda M. Freyer, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Andrew J. Nelson, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Connolly, Presiding Judge; Reyes, Judge; and Reilly, Judge.[*]

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

1

**REYES**, Judge

Appellant challenges his sentence following his conviction of third-degree assault, arguing that the district court abused its discretion by denying his motion for a downward durational departure. We affirm.

**FACTS**

In September 2020, appellant Tarik Toyshawn Smith-Whitmore assaulted a male victim by pushing him to the ground then punching and kicking him multiple times before fleeing. Appellant's assault caused the victim to lose consciousness and suffer a traumatic brain injury. Respondent State of Minnesota charged appellant with third-degree assault under Minn. Stat. § 609.223, subd. 1 (2020).

Early in the proceedings, the district court ordered that appellant undergo a competency evaluation under Minn. R. Crim. P. 20.01. In January 2021, Dr. Katheryn Cranbrook filed a forensic psychological evaluation opining that appellant was not competent to proceed further with the case. Based on Dr. Cranbrook's evaluation, the district court found appellant incompetent to stand trial and suspended the criminal proceedings until appellant regained competency.

In September 2021, the district court found that appellant had regained competency and could proceed to trial. At appellant's request, the district court ordered a defense-of-mental-illness examination under Minn. R. Crim. P. 20.02. In November 2021, Dr. Cranbrook filed a forensic psychological evaluation opining that there was insufficient evidence to determine that, at the time of the offense charged, appellant was "laboring

under such a defect of reason as not to know the nature of the act or that it was wrong." Appellant filed a separate rule 20.02 forensic psychological evaluation performed by Dr. Tricia Aiken, which opined that appellant did not know the moral wrongfulness of his actions at the time of the offense and therefore could not be held legally responsible for his assault.

Appellant waived his right to a jury trial and elected to proceed with a court trial based on stipulated evidence under Minn. R. Crim. P. 26.01, subd. 3. In September 2022, the district court held the trial and heard testimony from Dr. Cranbrook and Dr. Aiken. The district court was not persuaded that appellant's conduct was the product of his mental illness, rejected appellant's mental-illness defense, and found appellant guilty of third-degree assault.

Consistent with the Minnesota Sentencing Guidelines, appellant's felony pre-sentence-investigation (PSI) report recommended that appellant be committed to prison for 12 months and 1 day with a stay of execution for three years and supervised probation. Appellant filed a motion for a downward durational departure, arguing that his mental condition at the time of the offense was a substantial and compelling circumstance that would permit the district court to sentence the charge as a gross misdemeanor, that he had no prior felony convictions and a well-documented history of mental-health episodes, that he had remained law-abiding since the offense date, and that he had expressed remorse for the crime.

At the beginning of appellant's sentencing hearing in December 2022, the district court stated on the record that it had reviewed the PSI report, had received appellant's

3

motion for a downward durational departure, and was prepared to proceed with sentencing. Appellant renewed his motion for a departure, alternatively requesting a stay of imposition of his sentence. The state opposed appellant's motion, arguing that the severity of appellant's conduct and the lasting impact to the victim supported imposing the presumptive sentence. The district court gave appellant an opportunity to speak, and appellant expressed remorse for the offense. The district court acknowledged appellant's statements by noting, "I have heard you. And I'm going to take that into consideration." The district court then immediately ordered a presumptive guidelines sentence of a stay of imposition of sentence for three years with supervised probation and for appellant to serve 137 days in jail with credit for 137 days already served.

This appeal follows.

## DECISION

Appellant seeks remand for a new sentencing hearing, arguing that the district court abused its discretion by not deliberately considering the mitigating circumstances, including his mental impairment, that supported his motion for a downward durational departure. We are not persuaded.

The Minnesota Sentencing Guidelines establish presumptive sentences for felony offenses. Minn. Stat. § 244.09, subd. 5 (2022). Absent "identifiable, substantial, and compelling circumstances," a district court must order the presumptive sentence provided in the sentencing guidelines. Minn. Sent'g Guidelines 2.D.1 (2020); *State v. Pegel*, 795 N.W.2d 251, 253 (Minn. App. 2011). "Substantial and compelling circumstances [to support a durational departure] are present when the defendant's conduct in the offense of

4

conviction was significantly more or less serious than that typically involved in the commission of the crime in question." *State v. Abrahamson*, 758 N.W.2d 332, 337-38 (Minn. App. 2008) (quotation omitted), *rev. denied* (Minn. Mar. 31, 2009). "A durational departure must be based on factors that reflect the seriousness of the *offense*, not the characteristics of the offender," which narrows the range of factors justifying a durational departure. *State v. Solberg*, 882 N.W.2d 618, 623-24 (Minn. 2016).

If substantial and compelling circumstances exist, "[t]he decision whether to depart from [the] sentencing guidelines rests within the discretion of the [district] court." *State v. Oberg*, 627 N.W.2d 721, 724 (Minn. App. 2001), *rev. denied* (Minn. Aug. 22, 2001). A district court abuses its discretion when it misapplies the law or its decision is contrary to the facts in the record. *State v. Guzman*, 892 N.W.2d 801, 810 (Minn. 2017).

An appellate court cannot interfere with a district court's exercise of discretion "as long as the record shows the [district] court carefully evaluated all the testimony and information presented before making a determination." *Pegel*, 795 N.W.2d at 255 (quotation omitted). If a district court considers reasons for departure but imposes a presumptive sentence, it is not required to explain its reasons for doing so on the record. *State v. Van Ruler*, 378 N.W.2d 77, 80 (Minn. App. 1985). Only in rare cases will an appellate court reverse a district court's imposition of a presumptive sentence. *State v. Olson*, 765 N.W.2d 662, 664 (Minn. App. 2009).

Here, the district court stated at the beginning of the sentencing hearing that it had reviewed the PSI report, which directly addressed appellant's recollection of the charged offense, as well as appellant's mental-health history, criminal history, and expressed

remorse. The district court acknowledged that it had received appellant's motion for a downward durational departure, and then listened to the parties' arguments regarding departure and appellant's personal statement. The district court was familiar with the case's procedural history and appellant's fluctuating mental-health status. Moreover, the district court granted appellant the alternative disposition he requested: a stay of imposition of sentence. The record therefore supports that the district court deliberately and carefully considered all of the pertinent testimony and information presented before ordering the presumptive sentence. *See Pegel*, 795 N.W.2d at 255.

Appellant further argues that the district court abused its discretion by failing to consider his mental impairment before declining to depart downward. If a defendant "lacked substantial capacity for judgment" at the time of the offense because of a mental impairment, that may be a mitigating factor on which the district court relies to justify departure. Minn. Sent'g Guidelines 2.D.3.a (2020). For a mental impairment to constitute a mitigating factor in sentencing, a defendant's impairment must be so extreme that it "deprives the defendant of control over [their] actions." *State v. McLaughlin*, 725 N.W.2d 703, 716 (Minn. 2007).

Appellant's argument fails for several reasons. First, as noted above, the district court need only consider reasons for a departure and does not need to explain its reasons when imposing a guidelines sentence. *Van Ruler*, 378 N.W.2d at 80. Here, the district court knew of appellant's mental-health history and his related arguments for departure. Second, even if substantial and compelling reasons to depart existed, the district court did not need to depart. *Pegel*, 795 N.W.2d at 253-54.

Third, appellant's reliance on *State v. Martinson*, 671 N.W.2d 887 (Minn. App. 2003), *rev. denied* (Minn. Jan. 20, 2004), and *State v. Barsness*, 473 N.W.2d 325 (Minn. App. 1991), *rev. denied* (Minn. Aug. 29, 1991), to support that his mental impairment is a mitigating factor is misguided. In *Martinson*, this court upheld a downward durational departure based on the defendant's extreme mental impairment. 671 N.W.2d at 891-92. In *Barsness*, this court upheld a downward durational departure when the district court cited evidence that, when the offense was committed, appellant was borderline mentally disabled, chemically dependent, and "suffering from major, severe depression." 473 N.W.2d at 329. Here, the district court did not depart but rather ordered a stay of imposition, which is a guidelines sentence. Further, the district court credited the expert testimony of Dr. Cranbrook at trial regarding appellant's mental status at the time of the offense. Appellant's cited cases are inapposite.

We conclude that the district court did not abuse its discretion by ordering a presumptive guidelines sentence despite appellant's request for a downward durational departure.

**Affirmed.**