STATE of Minnesota, Respondent,

v.

James KINDEM, Appellant.

No. 81–929.

Supreme Court of Minnesota.

Dec. 7, 1981.

Mary C. Cade, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon Bergstrom, Asst. County Atty., Chief, Appellate Section, Minneapolis, for respondent.

AMDAHL, Justice.

This is a sentencing appeal. Defendant was charged by indictment with second-degree murder and pled guilty to third-degree murder (felony murder). The presumptive sentence for one convicted of third-degree murder who has a criminal history score of zero is 97 months with a permissible range of deviation of 94 to 100 months without departing. The trial court imposed a 94-month prison term. The issue on appeal is whether the circumstances in defendant's favor were so compelling and substantial that the trial court erred in refusing to depart and impose a more lenient sentence. We affirm.

This prosecution arose from the beating death of a Minneapolis businessman in the course of a robbery of the man as he returned home early on June 17, 1980, carrying the previous day's business receipts. Defendant's older brother, Harlan, was the chief planner of the robbery and the one who delivered the blows which resulted in the victim's death, but defendant participated in the conspiracy phase of the robbery, and, although he did not physically participate in the attack, was present with his brother at the time of the robbery and attack. Also present was one Kari Stevens, whose role was to drive the get-away-vehicle.

The trial court agreed that Harlan was the "main culprit" and that defendant's role was a "more passive role" and that under some circumstances that might be a sufficient reason for departure. However, the court concluded that the reasons for downward departure in this case were not substantial and compelling.

Minn.Stat. § 244.11 (1980) permits the appeal in this case and we do not intend entirely to close the door on appeals from refusals to depart. However, we believe that it would be a rare case which would warrant reversal of the refusal to depart. As we stated in State v. Garcia, 302 N.W.2d 643, 647 (Minn.1981), the Guidelines state that when substantial and compelling circumstances are present, the judge "may" depart. This means that the trial court has broad discretion and that we generally will not interfere with the exercise of that discretion.

In this case, there were valid reasons for adhering to the presumptive sentence, including the fact that defendant admitted participating in the conspiracy to commit the robbery, aided in preparing for the robbery, and was physically present during the robbery and attack. By his presence alone he made more likely the commission of the

crime because the record indicates that his brother did not like to commit crimes alone. Thus, while there may have been arguments for departing downward, there were also reasons for not doing so. That being so, the determination whether or not to depart was clearly a discretionary decision for the trial court to make.

Affirmed.