STATE of Minnesota, Respondent,

v.

Ronald F. FERDELMAN, Appellant.

No. C3-84-1488.

Court of Appeals of Minnesota.

Dec. 4, 1984.

Hubert H. Humphrey, III, Atty. Gen., State of Minnesota, St. Paul, Thomas Foley, Ramsey County Atty., St. Paul, for respondent.

C. Paul Jones, State Public Defender, Mary C. Cade, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and LESLIE and NIERENGARTEN, JJ., with oral argument waived.

## SUMMARY OPINION

POPOVICH, Chief Judge.

### FACTS

Appellant was charged with assault in the first degree and assault in the second degree after hitting a victim with a broken-off baseball bat and biting him in the cheek. Appellant had been driving and became angry at a van ahead of him. He stopped, got out of his car wielding a baseball bat, and attacked the driver of the van. He pleaded guilty to second degree assault and the State dismissed the first degree assault charges. The presentence investigation report showed that appellant had five prior misdemeanors: (1) 1975 disorderly conduct, (2) 1977 simple assault, (3) 1979 simple assault, (4) 1980 simple assault, and (5) 1983 disorderly conduct. Appellant was given one criminal history point based on four misdemeanor units and sentenced under the Guidelines to the presumptive sentence of 26 months imprisonment.

## DECISION

1. The trial court did not abuse its discretion in refusing to depart from the presumptive sentence. *State v. Kindem,* 313 N.W.2d 6, 7 (Minn.1981).

2. Misdemeanor criminal history score units are based on convictions which result in a misdemeanor or gross misdemeanor sentence. Minnesota Sentencing Guidelines II.B.3. The determination depends on the nature of the conviction and the sentence imposed, not what the defendant's punishments actually turn out to be. Appellant's 1979 simple assault conviction in Anoka County resulted in a $100 fine and was a petty misdemeanor conviction for criminal history purposes. The four other convictions were properly computed as misdemeanor sentences, including appellant's 1975 disorderly conduct conviction for which he was sentenced to $25 or one day in jail. *See* Minnesota Sentencing Guidelines II.B.107 comment.

Affirmed.