STATE of Minnesota, Respondent,

v.

Roger OLSON, Appellant.

No. C0–84–2145.

Court of Appeals of Minnesota.

May 14, 1985.

Review Denied July 17, 1985.

Hubert H. Humphrey, III, Atty. Gen., Thomas Foley, Ramsey Co. Atty., St. Paul, for respondent.

C. Paul Jones, State Public Defender, Steven P. Russett, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and WOZNIAK and FORSBERG, JJ., with oral argument waived.

## SUMMARY OPINION

FORSBERG, Judge.

### FACTS

On December 30, 1983, appellant lured Tamara Lucy to his apartment under the pretense of needing home health care services. Appellant had responded to an ad placed by Lucy, and he told her back and bladder problems required him to wear diapers. Lucy agreed to provide care and accompanied appellant to his apartment.

At appellant's apartment, Lucy assisted appellant by changing his diapers and preparing his "medication." Lucy noted that appellant's medication was Similac, an infant formula. As Lucy was helping appellant get ready for bed, he asked Lucy if he "could suck her clit." When she said no, he asked if she would perform oral sex on him and that he would pay. Lucy refused and went to the living room and prepared to sleep.

Appellant then got out of bed unassisted and went to the bathroom to urinate. He went to the living room and put on a bra and women's panties. He asked Lucy to fasten the bra and to call him Kimberly. Appellant told Lucy he wanted to defecate in his diapers and have Lucy clean him up. Although Lucy indicated she wanted to leave, appellant refused to unlock the door for her. Appellant grabbed Lucy's breasts and vagina over her clothing and attempted to kiss her.

Lucy continued to physically resist appellant. Eventually, appellant stopped his actions and started crying. He then opened the door so she could leave. Lucy stated she was in appellant's apartment approximately one and one-half hours, most of the time spent trying to leave the apartment.

Appellant pleaded guilty to criminal sexual assault in the fourth degree in violation of Minn.Stat. § 609.345(c). The record indicated appellant had a criminal history score of 7, many involving sex offenses against women and children. The record also indicated appellant had successfully completed sex offender treatment programs in the past but had recidivated. Appellant was on supervised release at the time of this offense. The trial court sentenced appellant to a presumptive sentence of 60 months executed.

### DECISION

Appellant claims the trial court abused its discretion by imposing the presumptive sentence. He claims the trial court should have placed him on probation because he is amenable to treatment.

We find no compelling circumstances to indicate the trial court abused its discretion by imposing the presumptive sentence under these circumstances. Appellant has a long history of sex related offenses and already has been given several opportunities for treatment. *State v. Kindem*, 313 N.W.2d 6, 7 (Minn.1981).

Affirmed.