STATE of Minnesota, Respondent,

v.

Charles Gregory REID, Appellant.

No. C3–86–1687.

Court of Appeals of Minnesota.

Feb. 3, 1987.

Hubert H. Humphrey, III, Atty. Gen., James B. Early, Sp. Asst. Atty. Gen., St. Paul, Julius E. Gernes, Winona Co. Atty., Winona, for respondent.

C. Paul Jones, State Public Defender, Susan K. Maki, Asst. State Public Defender, University of Minnesota, Minneapolis, for appellant.

Considered and decided by PARKER, P.J., and HUSPENI and FORSBERG, JJ., with oral argument waived.

## MEMORANDUM OPINION

HUSPENI, Judge.

### FACTS

Appellant Charles Reid pleaded guilty to attempted aggravated robbery, Minn.Stat. §§ 609.245, 609.17 and 609.05 (1984), for his attempt at robbing the Winona K–Mart store.

Reid had previously been employed at the store and had learned the location of the safe and alarms and procedures for closing the store. On April 8, 1986, Reid told his friend Richard Seiler about an idea he had to rob the Winona K–Mart. He told Seiler he had tried robbing the store before and had gotten caught. Reid's plan called for erecting a barricade at the rear of the store, causing the manager who patrols the outside of the building by car each night to leave his vehicle in order to remove the barricade. The manager would then be forced to enter the store and open the safe. Reid indicated there would be thousands of dollars in the safe. On April 8 or 9 he stole a .22 rifle and a shotgun from another K–Mart store and sawed off the barrel of the shotgun.

On April 10, 1986, Reid and Seiler drove to Winona. They set up the barricade and waited with the weapons. At 9:30 p.m. the K–Mart manager drove up to the barricade and then left his vehicle. Seiler stepped forward with the shotgun and gave him directions. Reid was present, wearing a mask, with the .22 rifle nearby. Suddenly, the assistant manager's car approached. Reid and Seiler had not anticipated a second person helping check the outside of the store. As the assistant manager drove toward the front of the store, Reid and Seiler ran away. They were apprehended shortly thereafter.

 Reid was sentenced to 36 months imprisonment, the presumptive sentence under the guidelines as the mandatory minimum sentence for gun related offenses. Minn.Stat. § 609.11 (1984); Minnesota Sentencing Guidelines II.E. On appeal, Reid claims the trial court abused its discretion in refusing to depart either dispositionally or durationally.[1]

### DECISION

 The trial court imposed the presumptive sentence under the guidelines and under Minn.Stat. § 609.11. While acknowledging the trial court has broad discretion in refusing to depart from the guidelines and that generally appellate courts have not interfered with that discretion, Reid

---

1. Reid's motion to strike references in the State's brief to Seiler's guilty plea is granted. The references are outside the record, and were not considered by this court.

argues that the trial court should have departed. It is a rare case which warrants reversal of the refusal to depart. *State v. Kindem,* 313 N.W.2d 6, 7 (Minn.1981). The trial court considered Reid's arguments and found no substantial or compelling circumstances warranting a departure. The cases cited by Reid affirming downward departures are not on point. We agree with the trial court that this is a case where the mandatory minimum sentence should be applied. We find no abuse of discretion and affirm Reid's 36–month prison sentence.

Affirmed.