*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0872**

State of Minnesota,
Respondent,

vs.

Patrick Lee Goettig,
Appellant.

**Filed February 23, 2015
Affirmed
Smith, Judge**

Crow Wing County District Court
File No. 18-CR-12-4530

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Donald F. Ryan, Crow Wing County Attorney, Rockwell J. Wells, Assistant County Attorney, Brainerd, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Stephen L. Smith, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Rodenberg, Presiding Judge; Chutich, Judge; and Smith, Judge.

UNPUBLISHED OPINION

**SMITH**, Judge

We affirm the district court's denial of appellant's motion for a downward dispositional departure because the district court sufficiently considered factors weighing for and against departure.

## FACTS

In October 2013, appellant Patrick Lee Goettig pleaded guilty to first-degree criminal sexual conduct (significant relationship and multiple instances of sexual abuse). During the plea hearing, Goettig admitted that he had sexually abused his girlfriend's preteen daughter multiple times from 2001 to 2006.

The state recommended an executed 144-month prison sentence. Goettig moved the district court for a stayed execution of his prison sentence, a downward dispositional departure. He told the district court that he had voluntarily entered treatment at his own expense and that the victim's maternal grandmother believed that he should continue treatment rather than be sent to prison.

The district court denied Goettig's motion. It highlighted the "particular vulnerability of the victim" resulting from her young age, that Goettig's conduct involved "[m]ultiple forms of penetration," and that Goettig had "use[d] a position of trust to accomplish the act" by bribing the victim. It also noted Goettig's acceptance of responsibility, his voluntary entrance into sex-offender treatment, and the opinion of the victim's maternal grandmother that Goettig's incarceration might further harm the victim.

But "balancing the factors that exist in this case," the district court concluded that there were no "substantial and compelling reasons that justify a dispositional departure."

During a sentencing hearing, the district court accepted Goettig's statement that he was paying more child support than previously reported, but it concluded that "even with that correction, that would not change [its] final determination." It sentenced Goettig to 144 months' incarceration.

## D E C I S I O N

Goettig argues that the district court "gave undue emphasis to the age of the victim" when it denied his motion for a downward dispositional departure. A district court has "broad discretion" when considering a sentencing departure, and reversal of a refusal to depart is warranted only in "a rare case." *State v. Kindem*, 313 N.W.2d 6, 7 (Minn. 1981). A district court must, however, consider reasons for departure rather than summarily dismissing them. *State v. Curtiss*, 353 N.W.2d 262, 264 (Minn. App. 1984).

The record shows that the district court weighed both aggravating and mitigating factors. It specifically acknowledged the factors that Goettig identifies—his voluntary entrance into sex-offender treatment and the fact that his victim benefitted from his child-support payments. But it also weighed the victim's vulnerability and Goettig's exploitation of his position of trust, determining that these factors outweigh those Goettig highlights. When the record supports reasons to both depart and not to depart, it is within the discretion of the district court to deny departure. *Kindem*, 313 N.W.2d at 8. We therefore affirm Goettig's sentence.

**Affirmed.**

3