*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1477**

State of Minnesota,
Respondent,

vs.

Joella Lee Tucker,
Appellant.

**Filed June 1, 2015
Affirmed
Ross, Judge**

St. Louis County District Court
File No. 69DU-CR-13-4639

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Mark S. Rubin, St. Louis County Attorney, Kristen E. Swanson, Assistant County Attorney, Duluth, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Sean M. McGuire, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Reilly, Presiding Judge; Ross, Judge; and Kirk, Judge.

**U N P U B L I S H E D   O P I N I O N**

**ROSS**, Judge

Joella Tucker took an accomplice to an enemy's home where the accomplice stabbed the man to death. Tucker pleaded guilty to aiding and abetting second-degree murder as part of an agreement in which she and the state acknowledged that her prison

sentence would not exceed 130 months. The district court denied Tucker's request for a downward durational departure from the 130-month sentence. Because the record belies Tucker's argument that the district court abused its discretion by rejecting her departure motion without making sufficient fact findings about the extent to which she cooperated with the prosecutor, we affirm Tucker's sentence.

## FACTS

In December 2012, Joella Tucker took Raymond Weeks to Kevin Tyman's Duluth home. Tucker and Weeks had schemed the meeting to punish Tyman. Tucker was angry with Tyman for allegedly assaulting a relative. Tucker took Weeks to Tyman's home expecting Weeks to harm Tyman and knowing he might kill him. At an opportune moment, Weeks stabbed Tyman, lacerating his liver and killing him.

Tucker pleaded guilty to aiding and abetting second-degree murder. She and the state had entered into a plea agreement that contemplated her serving a 130-month prison sentence. The agreement indicated that Tucker could request the district court to issue a lesser sentence. Tucker made the sentencing request, which she based on her purported cooperation with the state in prosecuting Weeks. The district court explained that the 130-month sentence already represented a downward departure from the guidelines sentence and that it would impose that lesser sentence because of Tucker's cooperation. The court also noted Tucker's remorse and her apology to Tyman's family. It balanced these favorable findings against its observation that Tucker had engaged Weeks as her instrument in the murder, that the murder occurred only because of Tucker's involvement, and that the crime was premeditated. The district court determined that no

2

substantial or compelling circumstances supported any additional departure, and it sentenced Tucker to serve 130 months in prison.

Tucker appeals.

## D E C I S I O N

Tucker argues that we must remand this case for sentencing with instructions requiring the district court to consider her cooperation more thoroughly. She maintains that the court should have made specific findings detailing the extent of her cooperation and the degree to which it helped in Weeks's prosecution. The argument fails.

A district court may depart downward from a guidelines sentence only if the case includes substantial and compelling circumstances. *State v. Kindem*, 313 N.W.2d 6, 7 (Minn. 1981). We can assume, for the purpose of this discussion only, that a defendant's cooperation with police and prosecutors to assist in the state's case against a codefendant may constitute a substantial and compelling circumstance. Tucker is entitled to no resentencing because the record informs us that the district court adequately considered this circumstance. It expressly discussed Tucker's cooperation and explained that the sentence reflected it. We are not troubled by the district court's decision not to elaborate further about the extent of Tucker's cooperation or detail just how the state relied on her cooperation in prosecuting Weeks. The court's findings sufficiently indicate its express deliberation and reliance on the circumstance, and they convince us that the court exercised its discretion in weighing the circumstance for sentencing.

**Affirmed.**

3