*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1847**

State of Minnesota,
Respondent,

vs.

Holly Ann Eaton,
Appellant.

**Filed June 22, 2015
Affirmed
Stauber, Judge**

Olmsted County District Court
File No. 55CR137650

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Mark Ostrem, Olmsted County Attorney, James P. Spencer, Assistant County Attorney, Rochester, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Sharon E. Jacks, Assistant State Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Bjorkman, Presiding Judge; Stauber, Judge; and

Klaphake, Judge.*

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**STAUBER**, Judge

Appellant challenges the district court's denial of her motion for a durational departure, arguing that her sentence for second-degree possession of methamphetamine should have been shorter because her conduct was less serious than conduct in a typical drug-possession case and because her sentence is unjustifiably disparate when compared to similarly situated offenders. We affirm.

## FACTS

On August 16, 2013, police executed a search warrant at the home of appellant Holly Ann Eaton, her husband, and two young children in Rochester, Minnesota. The police discovered methamphetamine in the garage, methamphetamine paraphernalia throughout the residence, and a stolen handgun. Eaton's husband claimed that none of the methamphetamine belonged to Eaton. Eaton was subsequently charged with storing methamphetamine paraphernalia in the presence of a child, a felony. *See* Minn. Stat. § 152.137, subd. 2(a)(4) (2012).

On November 22, 2013, police pulled over a car in which Eaton was a passenger and arrested her after discovering a pistol near her seat. When Eaton arrived at the jail, a methamphetamine pipe fell from her clothing. After being informed that she would be strip searched, Eaton admitted that she had hidden a baggie of methamphetamine "down her pants." Eaton was charged with second-degree possession of a controlled substance.

In exchange for Eaton's guilty pleas to both offenses, the state agreed to amend the paraphernalia-possession charge to fifth-degree possession of a controlled substance

and to cap her total sentence at 41 months concurrent, the bottom of the presumptive sentencing range for second-degree possession with Eaton's criminal history. The probation officer who completed the presentence investigation (PSI) recommended 57 months, the top of the presumptive sentencing range. Eaton moved for a downward dispositional and durational departure. Eaton argued that there was a substantial and compelling reason for a durational departure because, while in the car she was coerced by the drugs' owners, whom she feared, to hide the drugs. Eaton conceded that her fear could not constitute a duress defense. She further claimed that she had no knowledge of the pistol in the car.

The district court found that there was insufficient evidence to support Eaton's motion for a downward durational departure because she did not show that she played a lesser role in the offense. Instead, the district court noted that Eaton hid the drugs "in the most intimate place where they were . . . least likely to be found" indicating that she made a calculated, not hurried, decision to hide the drugs. The district court subsequently sentenced Eaton to an executed 41-month sentence for the second-degree drug possession offense. This appeal follows.

## DECISION

Eaton argues that the district court erred by denying her motion for a downward durational departure because there are substantial mitigating circumstances.[1] We review a district court's sentencing decision for an abuse of discretion. *State v. Soto*, 855

---

[1] While Eaton moved for both a dispositional and durational departure at the district court, on appeal she only challenges the denial of the durational departure.

3

N.W.2d 303, 307-08 (Minn. 2014). A district court must impose the presumptive sentence set forth by the Minnesota Sentencing Guidelines unless substantial and compelling circumstances exist to depart. *State v. Kindem*, 313 N.W.2d 6, 7 (Minn. 1981). We may consider "whether the sentence is inconsistent with statutory requirements, unreasonable, inappropriate, excessive, unjustifiably disparate, or not warranted by the findings of fact issued by the district court." Minn. Stat. § 244.11, subd. 2(b) (2012). But "as long as the record shows the [district] court carefully evaluated all the testimony and information presented before making a determination," we will not interfere with the district court's decision. *State v. Pegel*, 795 N.W.2d 251, 255 (Minn. App. 2011) (quotation omitted). Only the rare case requires this court to reverse the district court's imposition of a presumptive sentence. *Kindem*, 313 N.W.2d at 7.

The district court may depart from the presumptive sentence where there are mitigating circumstances. Minn. Sent. Guidelines 2.D.1 (2014); *Kindem*, 313 N.W.2d at 7. Mitigating factors exist where (1) the "offender played a minor or passive role in the crime or participated under circumstances of coercion or duress"; (2) there are substantial grounds that "tend to excuse or mitigate the offender's culpability, although not amounting to a defense"; and (3) the offender lacked substantial capacity because of mental impairment not caused by the voluntary use of drugs. Minn. Sent. Guidelines 2.D.3.a.(2),(3),(5) (2014).

Eaton argues that her culpability is mitigated because the car's driver coerced her into stashing the drugs. But the district court found Eaton's explanation not credible given her choice of hiding place and her previous exposure to drugs in her home. We

4

defer to the district court's credibility determinations as Eaton's claim was not corroborated or impeached. *State v. Dickerson*, 481 N.W.2d 840, 843 (Minn. 1992), *aff'd*, 508 U.S. 366, 113, S. Ct. 2130 (1993). Eaton next asserts that her conduct was less serious than the typical offender because the drugs were not hers and she was coerced into possessing them. But Eaton does not establish what a typical second-degree drug-possession offense entails. And she admits to possessing 13 grams of methamphetamine, more than double the minimum weight required for second-degree possession. Eaton further claims that she lacked substantial capacity for judgment because of her mental-health and substance-abuse issues. But voluntary drug use is not grounds for a lack-of-substantial-capacity defense. Minn. Sent. Guidelines 2.D.3.a.(3). Moreover, Eaton provides no support for her assertion that her mental health or addiction affected her capacity at the time the offense was committed.

Eaton argues that the district court improperly considered the circumstances of the fifth-degree possession offense when sentencing the second-degree possession offense. A district court may not refuse to depart from a presumptive sentence on the basis of evidence that "only supports defendant's guilt of some other offense but does not support the conclusion that the defendant committed the instant offense for which he is being sentenced in a particularly serious way." *State v. Ott*, 341 N.W.2d 883, 884 (Minn. 1984). But the court did not impose the presumptive sentence for second-degree possession on the facts of the fifth-degree possession offense; the court used the fifth-degree possession offense only to judge the credibility of Eaton's claim that she was coerced into hiding drugs, noting that "one would have had to be essentially blind to

5

willfully ignoring what was going on in order to not be aware of" the drugs and firearms in Eaton's home.  Therefore, the district court did not improperly consider unrelated conduct.

Eaton finally argues that her sentence is unjustifiably disparate to that of other offenders who committed the same offense.  We presume her imposed sentence is appropriate because it is within the applicable guidelines' range.  Minn. Sent. Guidelines 2.D.1.  Eaton does not present sufficient data for her claim that in 2012, only 11 percent of first-time second-degree possession offenders were given a presumptive sentence.[2]  In 2013, the year Eaton's offenses were committed, 47 percent of second-degree offenders received the presumptive prison sentence, 22 percent received a downward durational departure, and 31 percent received a dispositional departure.  Minn. Sent. Guidelines Comm'n, *Sentencing Practices: Controlled Substance Offenses* 29 (2013).  These statistics alone do not constitute a substantial and compelling reason to depart.

At sentencing, the district court judge considered the evidence and testimony regarding the durational-departure motion and found that there were no substantial and compelling circumstances to depart.  Based on this record, we will not interfere with the district court's decision to impose the presumptive sentence.

**Affirmed.**

---

[2] In 2012, 34 percent of all second-degree drug offenders received a downward durational departure and 55 percent of first-time second-degree drug offenders received a mitigated dispositional departure.  Minn. Sent. Guidelines Comm'n, *Sentencing Practices: Controlled Substance Offenses* 26-27 (2012).  Eaton does not consider possible overlap and improperly mixes statistics regarding first-time and all offenders to arrive at her figure.