*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1867**

State of Minnesota,
Respondent,

vs.

Bob Matt Jaschke,
Appellant.

**Filed June 22, 2015
Affirmed
Kirk, Judge**

Morrison County District Court
File No. 49-CR-13-1396

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Brian J. Middendorf, Morrison County Attorney, Little Falls, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Michael W. Kunkel, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Connolly, Presiding Judge; Kirk, Judge; and Smith, Judge.

## U N P U B L I S H E D   O P I N I O N

**KIRK**, Judge

Appellant challenges his prison sentence for second-degree criminal sexual conduct, arguing that a dispositional departure was warranted. We affirm the district

court's imposition of the presumptive sentence under the Minnesota Sentencing Guidelines.

## FACTS

In September 2013, respondent State of Minnesota charged appellant Bob Matt Jaschke with one count of second-degree criminal sexual conduct. Appellant pleaded guilty as charged and moved for a downward dispositional departure, seeking probation. The presentence investigation recommended the presumptive sentence of 90 months in prison. In imposing the presumptive sentence, the district court described the particularly damaging nature of the abuse, stated that it had reviewed the psychosexual assessment, and emphasized the importance of consistent sentencing statewide. This appeal follows.

## D E C I S I O N

A sentencing court may exercise its discretion to depart from the Minnesota Sentencing Guidelines "*only if* aggravating or mitigating circumstances are present, and those circumstances provide a substantial and compelling reason not to impose a guidelines sentence." *State v. Soto*, 855 N.W.2d 303, 308 (Minn. 2014) (citations and quotations omitted). However, the district court is not obligated to depart even if mitigating factors are present. *State v. Bertsch*, 707 N.W.2d 660, 668 (Minn. 2006). Only in a "rare case" will a reviewing court reverse a district court's imposition of the presumptive sentence. *State v. Kindem*, 313 N.W.2d 6, 7 (Minn. 1981).

The record does not support appellant's contention that the district court abused its discretion by denying him a downward dispositional departure. While appellant lacks a prior criminal record, cooperated during the investigation, and exhibited some remorse,

he also repeatedly minimized his culpability, even after pleading guilty, and his apology during the sentencing hearing reflected his primary rationalization of the sexual contact. Further, the psychosexual assessment contains reason to doubt his treatment prospects, and, as in *Soto*, the assessors did not recommend probation for appellant, "draw any conclusions about whether it would be better for [him] to receive treatment while on probation than while incarcerated, or compare [his] amenability to probation to that of others convicted of sexual assault." 855 N.W.2d at 309. At 38 years old, appellant was not of an age suggesting particular amenability to probation. *See id.* at 310 (rejecting the district court's conclusion that the appellant's age, 37, made him amenable to probation); *State v. Trog*, 323 N.W.2d 28, 31 (Minn. 1982) (listing factors for considering amenability to probation, including age, prior record, remorse, cooperation, attitude while in court, and the support of friends and/or family). The record contains little information suggesting that appellant has family support and no evidence of support from friends. While there is no record that appellant exhibited a poor attitude in court, there also is no indication that he comported himself in an exemplary manner.[1]

Taken as a whole, the record supports the district court's determination that no substantial and compelling reasons supported a dispositional departure. This is not a "rare case" compelling this court to reverse the district court's imposition of the presumptive sentence. *See Kindem*, 313 N.W.2d at 7.

**Affirmed.**

---

[1] We have also considered the arguments in appellant's pro se supplemental brief and conclude that they have no legal merit.

3