*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1633**

State of Minnesota,
Respondent,

vs.

Rodney Joseph Hill,
Appellant.

**Filed August 10, 2015
Affirmed
Rodenberg, Judge**

Clay County District Court
File No. 14-CR-13-3805

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Brian J. Melton, Clay County Attorney, Johnathan R. Judd, Assistant County Attorney, Moorhead, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Anders J. Erickson, Assistant Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Rodenberg, Presiding Judge; Cleary, Chief Judge; and

Klaphake, Judge.[*]

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**RODENBERG**, Judge

Appellant challenges his convictions for driving while impaired and test refusal, and his sentence. He challenges the constitutionality of his test-refusal conviction, argues that the evidence submitted at trial is insufficient to support his driving-while-impaired conviction, and asserts that the district court abused its discretion in denying his downward-departure motion at sentencing. We affirm.

**FACTS**

In the early morning of November 10, 2013, Moorhead Police Officer Raul Lopez observed a stationary motor vehicle on the side of a street. He saw a pedestrian who appeared to be speaking to the vehicle's driver. Thinking the vehicle might be stalled, Officer Lopez stopped behind it "to try to figure out what was going on." He approached the parked vehicle, observed that the motor was running, and spoke to the pedestrian. That pedestrian told Officer Lopez that the people in the vehicle had an argument and one of the passengers "was walking down the on-ramp towards the freeway." Officer Lopez also spoke to the person seated in the driver's seat, who was identified as appellant Rodney Hill.

Officer Lopez (after attending to safety concerns of the person walking toward the freeway) eventually learned that appellant's diving privileges were revoked. While speaking to appellant, who remained in the driver's seat of the vehicle, Officer Lopez smelled the odor of alcohol coming from appellant and saw that appellant had bloodshot, watery eyes. Officer Lopez asked appellant if he had been drinking, and appellant stated

2

that he had not been drinking. Officer Lopez then asked appellant to step out of the vehicle, and he administered standard field sobriety tests to appellant. Appellant failed the horizontal gaze nystagmus test (showing all six clues of impairment), failed the walk-and-turn test, passed the one-leg-stand test, and failed a preliminary breath test. Officer Lopez arrested appellant for suspicion of driving while impaired.

Officer Lopez transported appellant to the Moorhead County jail, where he read appellant the Minnesota Implied Consent Advisory. Appellant indicated that he understood the advisory, but refused to submit to breath testing.

Appellant was charged with first-degree driving while impaired in violation of Minn. Stat. § 169A.20, subd. 1(1) (2012), and first-degree refusal to submit to a chemical test in violation of Minn. Stat. § 169A.20, subd. 2 (2012).[1] Appellant moved the district court to dismiss the test-refusal charge, arguing that the statute is unconstitutional. The district court denied the motion. Both counts were tried to a jury, which found appellant guilty as charged.

Appellant's presumptive sentence, based on his criminal history and the severity of his convictions, was commitment to the commissioner of corrections for 60 months. At sentencing, appellant requested a downward dispositional departure, providing the district court with eight letters of support written by appellant's family and friends. The state argued against a departure, emphasizing appellant's criminal history and his failure to seek treatment before the incident in this case, and argued for a "top-of-the-box"

---

[1] Appellant's convictions were enhanced by one DWI conviction from North Dakota in 2007, one DWI conviction from Wyoming in 2009, and one impaired-driving-related revocation in 2013.

sentence of 72 months.  The district court declined to depart from the guidelines and sentenced appellant to prison for 51 months, at the bottom of the relevant guidelines range.  This appeal followed.

**D E C I S I O N**

**I.**

Appellant challenges his conviction for test refusal, arguing that the test-refusal statute is unconstitutional.  Appellant asks us to disregard the supreme court's precedent in *State v. Bernard*, 859 N.W.2d 762 (Minn. 2015), and that we "should decline to follow *Bernard*, and instead should conclude, under McNeely, that a breath test is a constitutionally unreasonable search."

Minnesota's Impaired Driving Code criminalizes refusal to submit to alcohol concentration testing "of the person's blood, breath, or urine."  Minn. Stat. § 169A.20, subd. 2.  The Minnesota Supreme Court held in *Bernard* that "the test refusal statute is a reasonable means to a permissive object and that it passes rational basis review." *Bernard*, 859 N.W.2d at 774.  *Bernard* held that a breath test is constitutionally permissible as a search incident to arrest, and a person "does not have a fundamental right to refuse a constitutional search." *Id.* at 772-73.

Appellant refused the same alcohol concentration test as the one at issue in *Bernard*.  Appellant asks us to disregard our proper role and exceed our authority as an error-correcting court by declining to follow *Bernard*.  *See Lake George Park, L.L.C. v. IBM Mid-America Employees Fed. Credit Union*, 576 N.W.2d 463, 466 (Minn. App. 1998) (stating that "[t]his court, as an error correcting court, is without authority to

4

change the law"), *review denied* (Minn. June 17, 1998). Because the supreme court's holding in *Bernard* is binding on this court, and appellant offers no reasonable distinction between this case and *Bernard*, we hold that the test-refusal statute is constitutional and appellant's conviction for test refusal is affirmed.

**II.**

Appellant next argues that the circumstantial evidence at trial is insufficient to support his conviction for driving while impaired.

"In assessing the sufficiency of the evidence, we review the evidence to determine whether the facts in the record and the legitimate inferences drawn from them would permit the jury to reasonably conclude that the defendant was guilty beyond a reasonable doubt of the offense of which he was convicted." *State v. Al-Naseer*, 788 N.W.2d 469, 473 (Minn. 2010) (quotation omitted). A conviction will not be reversed if the jury could have reasonably found the defendant guilty of the charged offense, "giving due regard to the presumption of innocence and the state's burden of proof beyond a reasonable doubt." *Id.* (quotation omitted).

Appellant contends that the evidence of his alcohol impairment is circumstantial, and the state does not dispute that contention. "A conviction based on circumstantial evidence warrants heightened scrutiny." *See id.* at 473-74. In applying the circumstantial evidence standard, this court applies a two-step analysis. *Id.* (quotations omitted). The first step is to "identify the circumstances proved." *Id.* In identifying the circumstances proved, we defer to the jury's acceptance of the proved circumstances and reject evidence in the record conflicting with the circumstances proved by the State. *Id.*; *see also State v.*

5

*McCormick*, 835 N.W.2d 498, 505 n.2 (Minn. App. 2013) (noting that, when reviewing the circumstances proved from a jury verdict of guilty, we evaluate what circumstances the jury likely determined were proved and its likely determinations). The second step is to determine the reasonableness of inferences drawn from those circumstances and determine whether those reasonable inferences are consistent with guilt and inconsistent with any other rational hypothesis. *Al-Naseer*, 788 N.W.2d at 474. We review "circumstantial evidence not as isolated facts, but as a whole." *State v. Silvernail*, 831 N.W.2d 594, 599 (Minn. 2013). "We give no deference to the fact finder's choice between reasonable inferences." *Al-Naseer*, 788 N.W.2d at 474 (quotations omitted).

The following circumstances were proved by the state:

- Appellant was sitting in the driver's seat of a motor vehicle on November 10, 2013, and the vehicle's engine was running.
- Appellant smelled of alcohol and his eyes were bloodshot and watery.
- Appellant failed the horizontal gaze nystagmus test as observed by Officer Lopez.
- Appellant failed the walk-and-turn test, using his arms for balance, missing touching his heel to his toe twice, and otherwise not performing as he had been instructed.
- Appellant passed the one-leg-stand test.
- Appellant denied consuming alcohol.
- Appellant refused to provide a breath sample for chemical testing after being read the implied-consent advisory.
- Officer Lopez, who was frequently assigned to night shifts in which he observed people with "varying levels of impairment," concluded from these observable facts that appellant was under the influence of alcohol.

Appellant argues that this case is similar to *City of Eagan v. Elmourabit*, 373 N.W.2d 290 (Minn. 1985). In *Elmourabit*, the supreme court concluded that "[t]he issue

is a close one" and discussed how each factor proved was questionable, when taken together. *Elmourabit*, 373 N.W.2d at 293-94. This case is easily distinguishable from *Elmourabit*. English was "not [Elmourabit's] native tongue," there was evidence that he was in "a heightened hyperventilative state," that he had an "unsteady gait," and the arrest there occurred mid-day. *Id.* at 291, 293-94.

Appellant here failed two standard field sobriety tests, smelled of alcohol, had watery and bloodshot eyes, and refused breath testing. Officer Lopez believed, based on his observations, training and experience, that appellant was under the influence of alcohol. These circumstances and this evidence admit of no rational conclusion other than that appellant was under the influence of alcohol while operating a motor vehicle. We therefore affirm appellant's conviction of driving while impaired.

## III.

Appellant argues that the district court abused its discretion by declining to grant his motion for a downward dispositional departure from the sentencing guidelines.

We review a district court's sentencing decision for an abuse of discretion. *State v. Soto*, 855 N.W.2d 303, 307-08 (Minn. 2014). A district court must impose the presumptive sentence set forth by the Minnesota Sentencing Guidelines unless there are "substantial and compelling circumstances" that warrant departure. *State v. Kindem*, 313 N.W.2d 6, 7 (Minn. 1981); Minn. Sent. Guidelines 2.D (2012). The district court "has broad discretion [with which] we will generally not interfere." *Kindem*, 313 N.W.2d at 7. It is a "rare case which would warrant reversal of the refusal to depart." *Id.*

7

Substantial and compelling circumstances are those that make a case atypical. *Taylor v. State*, 670 N.W.2d 584, 587 (Minn. 2003). A defendant's "*particular amenability to individualized treatment in a probationary setting*" will support a dispositional departure. *Soto*, 855 N.W.2d at 308 (quoting *State v. Trog*, 323 N.W.2d 28, 31 (Minn. 1982)). *Trog* outlines the factors that *may* justify a dispositional departure, and states that "the defendant's age, his prior record, his remorse, his cooperation, his attitude while in court, and the support of friends and/or family, are relevant to a determination whether a defendant is particularly suitable to individualized treatment in a probationary setting." 323 N.W.2d at 31. But the presence of one or more of the factors identified in *Trog* does not require that a district court depart from the guidelines. *State v. Wall*, 343 N.W.2d 22, 25 (Minn. 1984); *see also State v. Bertsch*, 707 N.W.2d 660, 668 (Minn. 2006) (stating that "we will not ordinarily interfere with a sentence falling within the presumptive sentence range, either dispositionally or durationally, even if there are grounds that would justify departure" (quotation omitted)).

Appellant argues that the district court "failed to properly analyze the motion according to the [*Trog*] factors." While the district court did not specifically identify that it was analyzing the "*Trog* factors," the record reveals that the district court expressly considered appellant's age, family relationships, criminal history (including the breadth of his criminal activity aside from DWI offenses), and appellant's attitude toward marijuana (specifically that appellant does not consider marijuana a drug). The district court acknowledged that "I don't doubt that [appellant] has a close relationship with his family. And I don't doubt that he is a good friend to his family and a good family

8

member and that they feel very close to him." But the district court also found that "someone who has that opinion on the use of marijuana and has this history with DWIs, from a statistical standpoint, is very likely to reoffend" and concluded that it had "to consider the safety of the public as outweighing the right of the defendant to be free from incarceration." The district court also considered the seriousness of the offense in mitigating the duration of the sentence (within the presumptive range), stating that "[t]his particular DWI . . . apparently the police came upon the scene [and t]hey did not see any erratic driving behavior or dangerous driving behavior by the [appellant a]nd so I'm going to sentence [appellant] to the lower end of the box."

The district court properly and comprehensively analyzed the factors and, within its discretion, declined to dispositionally depart from the sentencing guidelines.

**Affirmed.**