*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A15-0592**

State of Minnesota,
Respondent,

vs.

Matthew Christopher Desjarlais,
Appellant.

**Filed March 28, 2016**
**Affirmed**
**Johnson, Judge**

Clay County District Court
File No. 14-CR-14-1769

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Brian J. Melton, Clay County Attorney, Lori Conroy, Assistant County Attorney, Moorhead, Minnesota (for respondent)

Cathryn Middlebrook, State Public Defender, Veronica Surges, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Worke, Presiding Judge; Schellhas, Judge; and Johnson, Judge.

## UNPUBLISHED OPINION

**JOHNSON**, Judge

Matthew Christopher Desjarlais pleaded guilty to first-degree assault. Before sentencing, he moved for a downward dispositional departure. The district court denied

the motion and imposed a sentence within the presumptive guidelines range.  Desjarlais argues that the district court erred by denying his motion for a downward dispositional departure.  We affirm.

**FACTS**

In June 2014, Desjarlais assaulted another man, M.P.  Desjarlais's motive was that M.P. had "threatened to slit [Desjarlais's] girls' throats."  Desjarlais traveled from Fargo, North Dakota, to Dilworth, Minnesota, where he confronted M.P. inside a trailer home.  M.P. was drunk when Desjarlais arrived.  Desjarlais beat M.P. with his fists and elbows, and he kicked M.P. with steel-toed boots.  As a result, M.P. suffered an open fracture to his arm and two skull fractures, one of which left a large depression in one part of his head.  M.P. was hospitalized for ten days.  He continues to suffer from his injuries and has been unable to work and has difficulty speaking.

On the day following the beating, the state charged Desjarlais with first-degree assault, in violation of Minn. Stat. § 609.221, subd. 1 (2012).  In November 2014, Desjarlais pleaded guilty.  Before sentencing, Desjarlais moved for a downward dispositional departure.  In his memorandum supporting the motion, Desjarlais argued that a downward dispositional departure would be appropriate because of his age, his lack of criminal history, his amenability to probation and treatment, his contributions to society as a caregiver and an employee, and his remorse.  Desjarlais submitted a memorandum written by a dispositional advisor who recommended a departure, a letter from his mother seeking compassion, and letter of his own expressing remorse.

At the sentencing hearing, Desjarlais gave an oral statement expressing remorse. The state opposed the motion and argued for a guidelines sentence of 74 months of imprisonment. The state argued that Desjarlais is not amenable to probation because his probation was revoked in North Dakota on another case, that he is not remorseful because he had difficulty admitting to the crime at his plea hearing and because he made a statement after his arrest in which he attempted to justify his actions, and that a downward dispositional departure would be inappropriate because of the heinous nature of the crime and the serious injuries he inflicted. The district court denied Desjarlais's motion and sentenced him to 74 months of imprisonment, which is a bottom-of-the-box sentence under the sentencing guidelines. *See* Minn. Sent. Guidelines 4.A (2013). Desjarlais appeals.

## D E C I S I O N

Desjarlais argues that the district court erred by denying his motion for a downward dispositional departure.

A district court has broad discretion in determining an appropriate sentence. *State v. Kindem*, 313 N.W.2d 6, 7 (Minn. 1981). A district court may depart from the Minnesota Sentencing Guidelines range only for substantial and compelling reasons. *Id.*; *see also* Minn. Sent. Guidelines 2.D.1 (2013). If the district court departs from the presumptive guidelines range, the district court is required to state the reason or reasons for the departure. Minn. Sent. Guidelines 2.D.1.c. But if the district court does *not* depart, the district court is *not* required to state reasons for imposing a guidelines sentence. *State v. Johnson*, 831 N.W.2d 917, 925 (Minn. App. 2013), *review denied* (Minn. Sept. 17, 2013); *State v. Van Ruler*, 378 N.W.2d 77, 80 (Minn. App. 1985). Even if there are one or more

reasons to grant a departure, an appellate court will not disturb a district court's ruling if there are one or more reasons for refusing to depart. *Kindem*, 313 N.W.2d at 7-8; *see also State v. Bertsch*, 707 N.W.2d 660, 668 (Minn. 2006). This court applies an abuse-of-discretion standard of review to a district court's decision to deny a motion for a sentencing departure. *Kindem*, 313 N.W.2d at 7; *Dillon v. State*, 781 N.W.2d 588, 594 (Minn. App. 2010), *review denied* (Minn. July 20, 2010). This court will reverse the denial of a motion for a sentencing departure only if there is an *exceptional* basis justifying departure, *see State v. Soto*, 855 N.W.2d 303, 309 (Minn. 2014), or if the district court failed to exercise its discretion, *see, e.g.*, *State v. Mendoza*, 638 N.W.2d 480, 484 (Minn. App. 2002), *review denied* (Minn. Apr. 16, 2002).

In this case, the district court stated on the record that it had "reviewed the motion for departure along with the supporting brief and memorandum in this matter, as well as the correspondence from [Desjarlais] and [his mother]." The district court also stated that it had "considered the arguments of counsel and [Desjarlais's oral] statement." The district court then stated that it did "not find any substantial or compelling reasons that would justify departure in this case." This record satisfies us that the district court reviewed the relevant materials, considered the relevant aspects of Desjarlais's motion, and exercised its discretion before denying the motion. *See Johnson*, 831 N.W.2d at 925; *Mendoza*, 638 N.W.2d at 484. The district court elaborated on its reasons for denying the motion as follows:

> This was more than a fight, Mr. Desjarlais. This was a beating . . . . As a result of your actions and your conduct, you've forever changed [M.P's] life. And, obviously, in

4

> addition to the physical suffering that occurred at the time,
> there's some long-lasting injuries that he's still suffering from.

The record also satisfies us that that the district court had a valid reason for refusing to depart. *See Kindem*, 313 N.W.2d at 7-8; *see also Soto*, 855 N.W.2d at 313 (noting in part "brutality of the crime" in determining "probation was not proportional to the severity of [the] offense").

Furthermore, the state has identified additional facts in the record that would support the district court's ruling. The state asserts that Desjarlais was 42 years old when he committed this offense, that he has between 15 and 20 prior convictions, and that he bragged about his actions while he was detained in jail and pleaded guilty only reluctantly. Although the district court did not refer to these facts when imposing sentence, they tend to confirm the district court's decision to impose a presumptive guidelines sentence because they suggest that Desjarlais is not particularly amenable to probation. *See State v. Trog*, 323 N.W.2d 28, 31 (Minn. 1982) (considering, among other things, defendant's prior record and remorse as factors relevant to motion for downward dispositional departure).

In sum, the district court did not err by denying Desjarlais's motion for a downward dispositional departure.

**Affirmed.**