*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1733**

State of Minnesota,
Respondent,

vs.

Corey Michael Kokette,
Appellant.

**Filed August 15, 2016
Affirmed
Stauber, Judge**

Sherburne County District Court
File No. 71-CR-15-172

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Kathleen A. Heaney, Sherburne County Attorney, Elisabeth A. Spilde, Assistant County Attorney, Elk River, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Richard A. Schmitz, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Stauber, Presiding Judge; Ross, Judge; and Johnson, Judge.

**UNPUBLISHED OPINION**

**STAUBER**, Judge

On appeal from his conviction of first-degree controlled-substance crime, appellant argues that the district court abused its discretion by denying his motion for a downward durational departure. We affirm.

**FACTS**

In February 2015, a vehicle driven by 38-year-old appellant Corey Kokette was stopped for speeding. L.L., the passenger in the vehicle driven by appellant, had an active warrant for his arrest, and during a lawful search of L.L., police discovered approximately two grams of methamphetamine on his person. Appellant was also lawfully searched during the traffic stop and police discovered approximately 24 grams of methamphetamine on his person. Appellant and L.L. were then arrested, and police conducted a search of the motor vehicle. In an unlocked briefcase in the trunk of the vehicle, police discovered a check book bearing L.L.'s name and information, mushrooms, marijuana, drug paraphernalia, and over 140 grams of methamphetamine. Appellant was subsequently charged with controlled-substance crime in the first-degree under Minn. Stat. § 152.021, subd. 2(a) (2014).

Appellant pleaded guilty to the charged offense and admitted to possessing over 34[1] grams of methamphetamine. Under the terms of the plea agreement, the state agreed

---

[1] At the plea hearing, appellant admitted to possessing 42 grams of methamphetamine, but testimony at a contested omnibus hearing indicated that the laboratory's analysis of the weight of the methamphetamine located on appellant's person totaled 34.393 grams.

to cap the sentence at 161 months, and appellant was free to argue for a durational departure. At sentencing, appellant argued that because his offense was less serious than the typical first-degree controlled-substance offense, he should be sentenced to a downward durational departure of 90 months in prison. The district court rejected appellant's argument, concluding that it could not "find that this crime was committed in any less serious fashion than the typical controlled substance crime." Thus, the district court denied appellant's departure motion and sentenced appellant to a middle-of-the-box guidelines sentence of 161 months. This appeal followed.

## D E C I S I O N

Appellant challenges the district court's denial of his motion for a downward durational departure. This court reviews a district court's refusal to depart from the guidelines for an abuse of discretion. *State v. Soto*, 855 N.W.2d 303, 307-08 (Minn. 2014). Only in a "rare" case will an appellate court reverse a sentencing court's refusal to depart. *State v. Kindem*, 313 N.W.2d 6, 7 (Minn. 1981).

The district court must order the presumptive sentence provided in the Minnesota Sentencing Guidelines unless the case involves "substantial and compelling circumstances" to warrant a departure. *Id.* A district court only considers offense-related factors when determining whether to grant a durational departure. *State v. Peter*, 825 N.W.2d 126, 130 (Minn. App. 2012), *review denied* (Minn. Feb. 27, 2013). Specifically, the district court considers "whether the conduct involved in the offense of conviction was significantly more or less serious than the typical conduct for that crime." *Id.*

3

As an initial matter, appellant attempts to minimize the discretion afforded the district court at sentencing, claiming that recently this court "has conducted a more robust review of the sentencing decisions made by the district courts as evidenced by the large number of reversals by this [c]ourt in a short period of time."  But a review of the mostly unpublished cases cited by appellant reveals that the cases involve appeals by the state in which this court reversed and remanded for resentencing because the district court improperly relied on offender-related, rather than offense-related, factors to support a downward durational departure.  Although these cases conclude that the district court abused its discretion by granting the downward durational departures, the abuse of discretion was based on the district courts' deviation from settled caselaw that "offender-related factors do not support durational departures." *See id.*  These cases do not require a more "robust" review of a sentencing court's discretion.

Appellant also contends that the record contains "multiple valid offense-specific reasons" which demonstrate that his conduct was significantly less serious than that typically involved in a first-degree controlled-substance offense.  Appellant claims that these offense-specific reasons include: (1) the amount of drugs attributed to him was less than the typical first-degree controlled-substance offense in Sherburne County; (2) the more culpable role of L.L.; and (3) his remorse.  Appellant further argues that his offense was significantly less serious than the typical first-degree controlled-substance offense because he "was not running a major drug distribution ring," and his motive for selling drugs was "related to his desire to attend school without having to ask for money from his parents" even though he was 38 years old.

4

Under Minnesota law, the district court is not obligated to depart even when mitigating factors are present.  *State v. Bertsch*, 707 N.W.2d 660, 668 (Minn. 2006). Thus, even if appellant established mitigating factors, the district court was under no obligation to depart.  Moreover, this court will affirm a presumptive sentence "when the record shows that the sentencing court carefully evaluated all the testimony and information presented before making a determination."  *State v. Johnson*, 831 N.W.2d 917, 925 (Minn. App. 2013) (quotation omitted), *review denied* (Minn. Sept. 17, 2013). In denying appellant's durational departure motion, the district court found that the fact that appellant was pursuing his education was not relevant to the consideration of appellant's motion because it was not offense related.  The district court also found that appellant possessed an amount of methamphetamine in excess "of the statutory jurisdictional amount for the crime" to which appellant pleaded guilty, and that appellant's possession crime "happened basically as a pattern" of behavior involving methamphetamine.  As a result, the district court found that "[c]onsidering all of those situations, all of those facts, the [c]ourt cannot find that this crime was committed in any less serious fashion than the typical controlled substance crime."  The district court's findings demonstrate that the court carefully evaluated all of the testimony and information before denying appellant's motion.  Therefore, the district court did not abuse its discretion by denying appellant's motion for a downward durational departure.

**Affirmed.**