*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A23-1094**

State of Minnesota,
Respondent,

vs.

Stonii Jream Allen,
Appellant.

**Filed May 20, 2024**
**Reversed and remanded**
**Slieter, Judge**

Scott County District Court
File No. 70-CR-21-3501

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Ronald Hocevar, Scott County Attorney, Todd P. Zettler, Assistant County Attorney, Shakopee, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Sharon E. Jacks, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Schmidt, Presiding Judge; Slieter, Judge; and Wheelock, Judge.

**NONPRECEDENTIAL OPINION**

**SLIETER**, Judge

On direct appeal from the final judgment of conviction for aiding and abetting first-degree assault, aggravated robbery, and second-degree assault, appellant Stonii Jream Allen challenges his sentence and argues that the district court abused its discretion by

denying his motion for a dispositional departure. Because the district court abused its discretion by misapplying the law, we reverse and remand.

## FACTS

Respondent State of Minnesota charged Allen by complaint with several crimes stemming from a February 2021 incident. In January 2023, Allen waived his right to a jury trial and pleaded guilty to aiding and abetting first-degree assault in violation of Minn. Stat. § 609.221, subd. 1 (2020); aiding and abetting first-degree aggravated robbery in violation of Minn. Stat. § 609.245, subd. 1 (2020); and two counts of second-degree assault in violation of Minn. Stat. § 609.222, subd. 1 (2020). Before establishing the factual basis supporting the plea, defense counsel informed the district court that Allen would be seeking a downward dispositional departure at sentencing. Following Allen's guilty plea, the district court told Allen that "it's in [his] best interests obviously not to get into any new trouble, but also to cooperate with this process and prove – provide some basis for [his] lawyer to argue [his] amenability to probation."

Allen appeared for sentencing on May 1, 2023. In opposing the departure, the prosecutor reminded the district court of the seriousness of the crime and noted that "there is simply no[] basis for departure" because Allen is "as amenable as any average offender with no criminal history, but that does not create a basis for a departure." In support of departure, defense counsel noted that Allen is young, has a clean record, complied with the conditions of his pretrial release, and had several witnesses ready to testify in support.

Allen spoke at sentencing. He apologized for what he did and noted that he "followed others instead of better – making better decisions for [himself]." Allen also

stated that he has "extreme support" that he would not have in prison. Of the several supporters present at sentencing, the district court allowed Allen's mother and father to speak. Referencing some of the other supporters present, Allen's mother informed the district court that "he's got . . . support at home." Allen's father reiterated that Allen was young at the time of the offense. Allen's father recognized the seriousness of the offense and stated that Allen "made a mistake" but has "shown remorse for it over and over." His father noted that Allen has support and resources at home and stated that prison "would not in any way aid in his growth."

In denying Allen's departure request, the district court noted that it could depart from the sentencing guidelines if it had substantial and compelling reasons to do so. It explained that "you have to have an extraordinary situation, and you can't use the factors that the guidelines already take into consideration, which is the age of the offender and the lack of criminal history. Those are things I can't take into consideration when making this decision."

The district court entered judgments of conviction for all four counts and sentenced Allen to 86 months' imprisonment for aiding and abetting first-degree assault and 36 months' imprisonment for both counts of second-degree assault. No sentence was pronounced for Allen's first-degree aggravated-robbery conviction.[1] Allen appeals.

---

[1] Allen does not challenge his count-two conviction on appeal.

**DECISION**

We will affirm a presumptive sentence if the record demonstrates that "the sentencing court carefully evaluated all the testimony and information presented before making a determination." *State v. Johnson*, 831 N.W.2d 917, 925 (Minn. App. 2013) (quotation omitted), *rev. denied* (Minn. Sept. 17, 2013). "When the record contains evidence of factors supporting departure, which could have been, but were not, considered by the district court, we may remand for consideration of those factors." *Id.* at 925-26. We review a district court's decision not to depart from the sentencing guidelines for an abuse of discretion, reversing only in the "rare case." *State v. Kindem*, 313 N.W.2d 6, 7 (Minn. 1981).

Allen claims that the district court abused its discretion in denying his departure request by misapplying the law. We agree.

There are two types of sentencing departures, each serving different purposes. "A dispositional departure places the offender in a different setting than that called for by the presumptive guidelines sentence." *State v. Solberg*, 882 N.W.2d 618, 623 (Minn. 2016); *see* Minn. Sent'g Guidelines 1.B.5.a (2020). Thus, "[a] dispositional departure typically focuses on characteristics of the defendant that show whether the defendant is particularly suitable for individualized treatment in a probationary setting." *Solberg*, 882 N.W.2d at 623 (quotation omitted). A durational departure changes the "length from the presumptive guidelines range." *Id.*; *see* Minn. Sent'g Guidelines 1.B.5.b (2020). Unlike dispositional departures, "[a] durational departure must be based on factors that reflect the seriousness

4

of the offense, not the characteristics of the offender." *Solberg*, 882 N.W.2d at 623 (emphasis omitted).

Allen requested a downward dispositional departure. Because dispositional departures are based on the characteristics of the offender, the focus is on several factors that "can be relevant to determining if a defendant is particularly amenable to probation, including 'the defendant's age, his prior record, his remorse, his cooperation, his attitude while in court, and the support of friends and/or family.'" *State v. Soto*, 855 N.W.2d 303, 310 (Minn. 2014) (quoting *State v. Trog*, 323 N.W.2d 28, 31 (Minn. 1982)).

During the sentencing hearing, the district court specifically stated that Allen's age and lack of criminal history were things that it could not "take into consideration" when determining whether to grant his dispositional-departure request. However, a person's age and criminal history are among the factors that should be considered when determining whether to grant a downward dispositional departure. *Id.* Thus, the district court abused its discretion by asserting that it could not consider the factors supporting a dispositional departure. *See State v. Hoskins*, 943 N.W.2d 203, 211 (Minn. App. 2020) (noting that a district court abuses its discretion by misapplying the law).

Because the district court abused its discretion by misapplying the law, this is the "rare case" that warrants reversing the district court's decision not to grant a sentencing departure. *Kindem*, 313 N.W.2d at 7.

Moreover, there is evidence in the record of Allen's age, criminal history, remorse, cooperation, and the support of his family and friends. *Soto*, 855 N.W.2d at 310. Allen was 19 years old at the time of the offense with no criminal history. At sentencing, Allen

5

stated repeatedly that he was sorry for what he did, and he had several people present demonstrating their support for him. And the record suggests that Allen cooperated with the conditions of his pretrial release and appeared for hearings. We, therefore, reverse and remand for resentencing during which the district court should consider factors supporting departure. *See Johnson*, 831 N.W.2d at 925-26 (noting that remanding for consideration of factors supporting departure is proper when "the record contains evidence of factors supporting departure, which could have been, but were not, considered by the district court").

      **Reversed and remanded.**