**STATE of Minnesota, Respondent,**

v.

**John Allen MIX, Appellant.**

**No. C1–02–288.**

Court of Appeals of Minnesota.

June 25, 2002.

Review Denied Aug. 20, 2002.

Mike Hatch, Attorney General, John Docherty, Assistant Attorney General, St. Paul, MN; and Belvin Doebbert, Pope County Attorney, Glenwood, MN, for respondent.

John M. Stuart, State Public Defender, Steven P. Russett, Assistant Public Defender, Minneapolis, MN, for appellant.

Considered and decided by
SHUMAKER, Presiding Judge, and
WILLIS and FOLEY, Judges.*

## OPINION

GORDON W. SHUMAKER, Judge.

Appellant John Allen Mix challenges the district court's order denying his motion for a four-week continuance to reschedule sentencing before the judge who accepted his guilty plea and who sentenced two of Mix's co-conspirators. Mix appeals his sentence and seeks a remand for re-sentencing or, alternatively, a reduction of his sentence. We affirm.

## FACTS

The state charged Kevin Lopez, Joseph Wersinger, Sarah Heaslip, and appellant John Allen Mix with various controlled-substance crimes relating to the manufacture of methamphetamine.

Wersinger pleaded guilty before Chief Judge Gerald Seibel to one count of a first-degree drug crime. Lopez entered the same plea before Judge Jon Stafsholt.

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Both individuals received downward durational departures to 60 months from the presumptive 86–month sentence. The basis for the departures was the individuals' cooperation with the police.

Mix and Heaslip later pleaded guilty before Judge Jon Stafsholt on August 10, 2001. Mix agreed to plead guilty to one count of conspiracy to commit a first-degree drug crime, and the state agreed to dismiss all other charges against him. There was no agreement as to sentencing, but Mix moved for both durational and dispositional departures. Judge Stafsholt sentenced Heaslip and departed downward from the sentencing guidelines.

By the time Mix was ready for sentencing, Judge Stafsholt was on a temporary medical leave. Mix was notified that Judge David Mennis would sentence him. Mix objected and moved for a four-week continuance so that Judge Stafsholt could sentence him. Chief Judge Seibel denied the motion, noting:

> Since Judge Stafsholt is currently unavailable due to disability and since the defendant has been awaiting sentencing since August, it is appropriate that a new judge be assigned.

Judge Mennis then sentenced Mix on December 19, 2001, and imposed the presumptive sentence of 86 months, executed.

Contending that the district court abused its discretion by refusing to continue the sentencing and by imposing a sentence harsher than the sentence received by any of Mix's three co-conspirators, Mix appeals.

## ISSUES

1. A criminal defendant pleaded guilty before a particular judge. When the case

Minn. Const. art. VI, § 10.

was set for sentencing, that judge was on medical leave and a substitute judge was assigned. Did the chief judge abuse his discretion by refusing to continue the sentencing until the original judge returned?

2. Appellant's co-conspirators received sentencing departures. Appellant was given the presumptive sentence. Was appellant's sentence in error when there were no substantial and compelling circumstances justifying a departure and there was a rational basis for disparate sentences?

## ANALYSIS

### 1. *Motion for continuance*

■ The grant or denial of a continuance of a court proceeding is discretionary with the district court, and we will not reverse absent a clear abuse of the court's discretion. *State v. Rainer*, 411 N.W.2d 490, 495 (Minn.1987). Furthermore, the appellate court will not reverse the denial of a motion for continuance unless the moving party shows that the ruling prejudiced him. *State v. King*, 414 N.W.2d 214, 220 (Minn.App.1987), *review denied* (Minn. Jan. 15, 1988).

Mix moved for a continuance because he contended that he would suffer irreparable harm and prejudice if he were sentenced by any judge other than Judge Stafsholt. He noted that Judge Stafsholt had sentenced two of Mix's three co-conspirators and had given them sentencing departures. He also indicated that Judge Stafsholt was familiar with the case because he had presided from the outset.

In denying Mix's motion and assigning a substitute judge, Chief Judge Seibel relied on Minn. R.Crim. P. 26.03, subd. 13(6), which permits the chief judge to reassign a criminal matter at any stage to another judge when the judge previously assigned is under a disability.

Chief Judge Seibel gave as his reason for denying the motion the length of time the matter had been pending. It had been four months since Mix's plea. A continuance would have extended the sentencing date at least one more month. Mix presented no evidence to Chief Judge Seibel that he, the state, or Judge Mennis could not be prepared for sentencing on December 19, 2001. The judge had received the presentence investigation report, Mix's memorandum in support of a departure, and various reports and documents Mix offered regarding his suitability for a stayed sentence.

■ A court abuses its discretion when it acts arbitrarily, without justification, or in contravention of the law. *See State v. Hoelzel*, 639 N.W.2d 605, 610 (Minn.2002) (court abuses its discretion when it acts arbitrarily and capriciously); *State v. Gilbert*, 262 N.W.2d 334, 340 (Minn.1977) (court abuses its discretion if its findings are contrary to the law); *State v. Woelfel*, 621 N.W.2d 767, 774 (Minn.App.2001) (court abuses its discretion if it does not justify sentencing decision on the record), *review denied* (Minn. Mar. 27, 2001). Here, Chief Judge Seibel acted under the authority of a court rule, provided a reasonable basis for his ruling, and had no evidence that the sentencing could not be held fairly and properly. There was no abuse of discretion by the court's denial of Mix's motion for a continuance.

Moreover, Mix has failed to show that he was prejudiced by the denial of his motion. Implicit in his argument for the continuance was Mix's hope that Judge Stafsholt would have granted his departure motion. Although that was Mix's wish, the record establishes no basis for a presumption that Judge Stafsholt would have departed.

Citing evidence that Mix was the ringleader of the drug-manufacturing conspiracy, the state opposed any departure from the presumptive sentence. There was no plea agreement regarding the sentence to be imposed, and there was no evidence that Mix had cooperated with the police, the basis for at least two of the other departures.

Although Mix did offer documents in support of his effort to persuade the sentencing judge to depart from the sentencing guidelines, it is mere speculation that this information would have caused Judge Stafsholt to depart.

2. *Disparate sentencing*

A departure from the sentencing guidelines must be justified by substantial and compelling circumstances. *State v. Kindem,* 313 N.W.2d 6, 7 (Minn.1981). To justify a downward departure, there must be circumstances that tend to excuse or mitigate an offender's culpability. *State v. Esparza,* 367 N.W.2d 619, 621 (Minn.App. 1985). Disparate sentencing of co-conspirators is warranted if there is a rational basis for distinguishing one co-conspirator's culpability from another. *State v. McClay,* 310 N.W.2d 683, 685–86 (Minn. 1981).

Mix argues that the sentencing court "apparently" accepted the proposition that Mix "played only a minor role in the offense." The court did not so indicate and, in fact, had evidence from which it could be inferred that Mix played the leading role in the conspiracy.

Mix also contends that he is amenable to probation. But he admits that the court was aware that he had used drugs even after pleading guilty.

This record does not present substantial and compelling circumstances to warrant a departure from the presumptive sentence.

Furthermore, there is evidence supporting the conclusion that there was a rational basis for the disparate sentencing. The district court did not err in imposing the presumptive sentence.

## DECISION

The substitution of a judge for sentencing who is different from the judge who took the guilty plea is not an abuse of discretion when the plea judge was on medical leave and there was no evidence that the substitute judge could not properly proceed.

A criminal defendant is not entitled to a departure from the presumptive sentence merely because his co-conspirators received departures.

**Affirmed.**