*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0414**

State of Minnesota,
Respondent,

vs.

Jesse B. Bennett,
Appellant.

**Filed March 14, 2016
Affirmed in part, reversed in part, and remanded
Kirk, Judge**

Blue Earth County District Court
File No. 07-CR-13-4166

Lori Swanson, Attorney General, Edwin W. Stockmeyer, Assistant Attorney General, St. Paul, Minnesota; and

Patrick McDermott, Blue Earth County Attorney, Mankato, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Jenna Yauch-Erickson, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Peterson, Presiding Judge; Worke, Judge; and Kirk, Judge.

**U N P U B L I S H E D   O P I N I O N**

**KIRK**, Judge

Appealing his convictions for third-degree controlled-substance crime and fourth-degree controlled-substance crime, appellant asserts that he is entitled to a new trial

because the district court erroneously: (1) allowed a police officer to testify at trial about appellant's prior incarceration; (2) instructed the jury on appellant's right to testify without obtaining his consent; and (3) convicted him of a lesser-included offense. We affirm in part, reverse in part, and remand.

## DECISION

Challenging his convictions for third-degree controlled-substance crime and fourth-degree controlled-substance crime (possession), appellant Jesse B. Bennett asserts the district court made three errors, which we address in turn.

"Evidentiary rulings rest within the sound discretion of the [district] court and will not be reversed absent a clear abuse of discretion." *State v. Amos*, 658 N.W.2d 201, 203 (Minn. 2003). "A court abuses its discretion when it acts arbitrarily, without justification, or in contravention of the law." *State v. Mix*, 646 N.W.2d 247, 250 (Minn. App. 2002), *review denied* (Minn. Aug. 20, 2002). Where a defendant fails to object to the admission of evidence, we review for plain error. *See* Minn. R. Crim. P. 31.02. "The plain error standard requires that the defendant show: (1) error; (2) that was plain; and (3) that affected substantial rights." *State v. Strommen*, 648 N.W.2d 681, 686 (Minn. 2002). "If those three prongs are met, we may correct the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quotation omitted).

*Officer's testimony regarding appellant's prior incarceration*

Appellant argues that his convictions should be reversed and that he should be granted a new trial because the district court plainly erred by allowing Police Officer Matt Vitale, who, at the time in question, worked for the Minnesota River Valley Drug Task

2

Force, to testify about appellant's prior incarceration during trial. Officer Vitale testified about appellant's sale of OxyContin tablets to a confidential informant (C.I.) during a sting operation, and that appellant told the C.I. that he was going out of town for two months to serve jail time. Appellant did not object to the officer's testimony. The state concedes that the officer's testimony may have been inadmissible, but argues that any error did not affect appellant's substantial rights.

Minnesota appellate courts have found that references to a defendant's prior incarceration can be unfairly prejudicial. *State v. Manthey*, 711 N.W.2d 498, 506 (Minn. 2006); *State v. Hjerstrom*, 287 N.W.2d 625, 627-28 (Minn. 1979). Here, Officer Vitale's testimony referencing appellant's incarceration is plain error. *Manthey*, 711 N.W.2d at 506. "An error is plain if it was clear or obvious," and "[u]sually this is shown if the error contravenes case law, a rule, or a standard of conduct." *State v. Ramey*, 721 N.W.2d at 294, 302 (Minn. 2006) (citations omitted) (internal quotation marks omitted).

To determine whether Officer Vitale's testimony affected appellant's substantial rights, we apply the factors set forth in *State v. Prtine*, 784 N.W.2d 303, 314-15 (Minn. 2010). "To determine if the error was prejudicial, we evaluate the strength of the evidence against the defendant, the pervasiveness of the improper suggestions and whether the defendant had an opportunity to (or made efforts to) rebut the improper suggestions." *Prtine*, 784 N.W.2d at 314 (citations omitted). "Unobjected-to error affects substantial rights if there is a reasonable likelihood that the absence of misconduct would have had a significant effect on the jury's verdict." *Id.*

3

We conclude that Officer Vitale's testimony did not affect appellant's substantial rights. *Strommen*, 648 N.W.2d at 686. There was overwhelming evidence of appellant's guilt. The C.I., who was respondent State of Minnesota's key witness at trial, testified to his direct involvement in purchasing OxyContin tablets from appellant and was subjected to extensive cross-examination. The C.I. positively identified appellant at trial as the person who sold him the drugs.

There was also strong circumstantial evidence tying appellant to the crime. Prior to the sting operation, the C.I. told Officer Vitale that appellant drove a 1999 Plymouth Voyager, and identified appellant through his driver's license photograph, which was provided by Officer Vitale. During the sting operation, Officer Vitale observed the C.I. enter what appeared to be a 1998 Plymouth Voyager, which was driven by appellant. Although Officer Vitale was unable to discern the middle letter of the Plymouth Voyager's license plate, he observed that the vehicle's license plate was largely consistent with the license plate registered to appellant. The C.I. was outfitted with an audio wire. Officer Vitale listened to a live audio recording of the drug transaction and only heard the voices of two people inside the vehicle. After the transaction, drug-force agents followed the Plymouth Voyager and observed it stop at an address with which appellant was known to be associated.

Officer Vitale's testimony relating to appellant's prior incarceration was brief, isolated, and not repeated by the prosecutor. *Prtine*, 784 N.W.2d at 315. Officer Vitale made a single, brief reference to appellant's incarceration. The key things that stand out from his testimony are not that appellant was going to jail for two months, but that he sold

4

OxyContin for money, and that he was interested in doing further drug deals with the C.I. in the near future. Moreover, a curative instruction by the district court might have unnecessarily drawn the jury's attention to Officer Vitale's statement. *State v. Haglund*, 267 N.W.2d 503, 506 (Minn. 1978). Appellant also had an opportunity to rebut Officer Vitale's testimony, but failed to do so. Hence, reversal of the jury's verdict is not warranted because appellant has not shown the error affected his substantial rights.

*No adverse-inference instruction*

Generally, a district court should not instruct the jury about a defendant's right not to testify unless the defendant specifically requests the instruction. *McCollum v. State*, 640 N.W.2d 610, 616-17 (Minn. 2002); *see also* Minn. Stat. § 611.11 (2014) (stating that a defendant in a criminal trial has the right to testify, but failure to do so "shall not create any presumption against the defendant"). Because caselaw defines this standard, it is therefore plain error when the district court instructs the jury on a defendant's right not to testify without first obtaining his consent on the record. *State v. Gomez*, 721 N.W.2d 871, 880-81 (Minn. 2006). We are left to determine whether the error affected appellant's substantial rights. *See Strommen*, 648 N.W.2d at 686.

In *Gomez*, the Minnesota Supreme Court analyzed whether the defendant was prejudiced when the district court gave the jury a no-adverse-inference instruction without his consent, and he did not object at trial. 721 N.W.2d at 880. The court stated that the primary issue at trial was the identity of the murderer, and examined the strength of the circumstantial evidence tying appellant to the crime. *Id.* at 881. It concluded that "it seem[ed] unlikely that the jury would have reached a different verdict" based on the strong

5

circumstantial evidence presented by the state, including the testimony of the state's key witness, who was subjected to extensive cross-examination. *Id.* at 881-82.

Here, appellant has failed to show that the district court's error was prejudicial. As previously explained, the state presented both strong direct and circumstantial evidence of appellant's guilt. The C.I.'s testimony constituted direct evidence of appellant's crime, and the C.I. was subjected to extensive cross-examination. There was also strong circumstantial evidence linking appellant to the drug sale. Appellant fails "to meet his heavy burden of showing that there is a reasonable likelihood that the giving of the instruction would have had a significant effect on the jury's verdict." *Id*. (quotation omitted). Because appellant's substantial rights were not affected by the error, we need not consider the fairness and integrity of the proceedings.

*Lesser-included offense conviction*

Both appellant and the state agree for vacation of appellant's conviction for fourth-degree controlled-substance crime (possession) under Minn. Stat. § 152.024, subd. 2(2) (2012), because it is a lesser-included crime of third-degree controlled-substance crime under Minn. Stat. § 152.023, subd. 1(1) (2012).

Minn. Stat. § 609.04, subd. 1 (2012), states that "[u]pon prosecution for a crime, the actor may be convicted of either the crime charged or an included offense, but not both." Minn. Stat. § 609.04 also "bars multiple convictions under different sections of a criminal statute for acts committed during a single behavioral incident." *State v. Jackson*, 363 N.W.2d 758, 760 (Minn. 1985).

We conclude that the district court erred when it entered convictions on both crimes. Fourth-degree possession is a lesser-included offense of third-degree controlled-substance crime. *See* Minn. Stat. § 609.04, subd. (1)(1) (2012) (defining "included offense" as "[a] lesser degree of the same crime"). Both convictions arose out of a single behavioral incident. *Jackson*, 363 N.W.2d at 760. In this circumstance, we remand to the district court to vacate and "adjudicate formally and impose sentence on one count only." *State v. LaTourelle*, 343 N.W.2d 277, 284 (Minn. 1984).

*Pro se arguments*

In his pro se supplemental brief, appellant raises several new issues on appeal, including: violation of his Fourth Amendment rights; entrapment; prosecutorial misconduct; cumulative errors; insufficient evidence; and ineffective assistance of counsel. While it is difficult to fully understand all of his arguments, we conclude that his claims lack merit because he does not support them with facts or the appropriate legal authority. *See State v. Krosch*, 642 N.W.2d 713, 719 (Minn. 2002) (holding that if the brief does not contain an argument or citation to legal authority in support of the allegation raised, the allegation is deemed waived). Appellant's claims are deemed waived.

**Affirmed in part, reversed in part, and remanded.**