*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A25-0219**

State of Minnesota,
Respondent,

vs.

Dayonne Marquis Lachapelle,
Appellant.

**Filed February 9, 2026**
**Affirmed**
**Cochran, Judge**

Anoka County District Court
File No. 02-CR-22-5972

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Brad Johnson, Anoka County Attorney, Carl E. Erickson, Assistant County Attorney, Anoka, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Hannah B. Laub, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Frisch, Chief Judge; Cochran, Judge; and Kirk, Judge.[*]

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**COCHRAN**, Judge

Appellant challenges the district court's denial of his motion for a downward dispositional departure from the presumptive guidelines sentence following his conviction for third-degree assault. In the alternative, appellant argues that the district court abused its discretion by denying his motion for a continuance of the sentencing hearing. Because the district court did not abuse its discretion by imposing the guidelines sentence or by denying appellant's continuance request, we affirm.

## FACTS

In October 2022, respondent State of Minnesota charged appellant Dayonne Marquis Lachapelle with third-degree assault involving substantial bodily harm under Minnesota Statutes section 609.223, subdivision 1 (2022), and fifth-degree assault under Minnesota Statutes section 609.224, subdivision 2(a) (2022). The complaint alleged that, while in custody at the Anoka County Jail, Lachapelle assaulted another inmate. According to the complaint, the victim was using the microwave in the common area of the jail when Lachapelle punched him in the head several times. Lachapelle's punches caused the victim to spill a hot beverage onto his skin, resulting in a substantial burn to the victim's arm.

In January 2024, Lachapelle reached a plea agreement with the state. Lachapelle agreed to plead guilty to third-degree assault and, in exchange, the state agreed to dismiss the charge for fifth-degree assault. The state also agreed to dismiss a charge for ineligible possession of a firearm or ammunition in another pending case. The parties agreed to

2

recommend a 36-month prison sentence, with the understanding that Lachapelle would seek a dispositional departure from the presumptive sentence.

At the plea hearing, Lachapelle pleaded guilty and provided a factual basis to support his plea. Lachapelle admitted that he was in custody in the county jail when he "assaulted another male" in the common room. During the confrontation, the victim spilled a hot beverage on himself and suffered a third-degree burn as a result of Lachapelle's assault. Lachapelle did not contest that the victim's burn constituted a substantial bodily injury. The district court found that Lachapelle provided a sufficient factual basis for the plea and accepted the plea. The district court also ordered Lachapelle to cooperate with and complete a presentence investigation (PSI), to contact corrections, to remain law abiding, and to appear for a scheduled sentencing hearing in April 2024.

Lachapelle did not complete a PSI or contact corrections. Probation submitted the PSI to the district court in March 2024. Probation noted that it had not been able to interview Lachapelle based on his failure to cooperate. The PSI recommended that the district court commit Lachapelle to the commissioner of corrections for a period within the presumptive range of 29 to 39 months.

In April 2024, Lachapelle missed his scheduled sentencing hearing due to being involved in a major car accident. The district court rescheduled the sentencing hearing to June 2024 and ordered an updated PSI. Probation had difficulty contacting Lachapelle and a PSI interview was not completed. In the updated PSI, probation again recommended that Lachapelle receive an executed prison sentence within the presumptive range.

The district court held the scheduled sentencing hearing in June 2024, but Lachapelle failed to appear. Several months later, Lachapelle was taken into custody on a bench warrant. He appeared in court in November 2024 for sentencing. Shortly before the hearing, Lachapelle requested a continuance, which the district court denied. Prior to the hearing, Lachapelle also moved for a downward dispositional departure on the ground that he was particularly amenable to probation. The state opposed the departure request and urged the district court to impose a 36-month sentence. The district court denied Lachapelle's motion for a downward dispositional departure and sentenced him to 36 months in prison.

Lachapelle appeals.

**DECISION**

Lachapelle raises two arguments on appeal. First, he contends that the district court abused its discretion by denying his motion for a downward dispositional departure. Second, and in the alternative, Lachapelle argues that the district court abused its discretion by denying his request to continue the sentencing hearing. We consider each argument in turn.

**I.     The district court did not abuse its discretion by denying Lachapelle's motion for a downward dispositional departure.**

The Minnesota Sentencing Guidelines set forth presumptive sentences for felony offenses. Minn. Sent'g Guidelines 2.C (2022). A downward dispositional departure from the presumptive sentence occurs when the guidelines sentence calls for a prison sentence, "but the district court instead stays execution or imposition of the sentence" and places the

4

defendant on probation. *State v. Solberg*, 882 N.W.2d 618, 623 (Minn. 2016); Minn. Sent'g Guidelines 1.B.5.a(2) (2022). To maintain uniformity and proportionality in sentencing, departures from the presumptive guidelines sentence are discouraged. *State v. Rund*, 896 N.W.2d 527, 532 (Minn. 2017). Under the sentencing guidelines, "[t]he [district] court must pronounce a sentence of the applicable disposition . . . unless there exist identifiable, substantial, and compelling circumstances to support a departure." Minn. Sent'g Guidelines 2.D.1 (2022).

The sentencing guidelines include a nonexclusive list of mitigating factors that a district court may use to support a downward dispositional departure, including when the defendant "is *particularly* amenable to probation." Minn. Sent'g Guidelines 2.D.3.a(7)(a) (2022) (emphasis added). "By requiring a defendant to be *particularly* amenable to probation . . . we ensure that the defendant's amenability to probation distinguishes the defendant from most others and truly presents the substantial and compelling circumstances that are necessary to justify a departure." *State v. Soto*, 855 N.W.2d 303, 309 (Minn. 2014) (quotation omitted). The supreme court has recognized factors that may be relevant to a district court's determination of whether a defendant is particularly amenable to probation, "including the defendant's age, his prior record, his remorse, his cooperation, his attitude while in court, and the support of friends and/or family." *State v. Trog*, 323 N.W.2d 28, 31 (Minn. 1982). These factors are commonly known as the *Trog* factors. But the presence of one or more *Trog* factors does not obligate a district court to depart from the presumptive sentence. *See State v. Walker*, 913 N.W.2d 463, 468-69 (Minn. App. 2018). A district court may impose the presumptive sentence even when

5

the record shows a defendant is particularly amenable to probation. *State v. Olson*, 765 N.W.2d 662, 664-65 (Minn. App. 2009) (noting that "the district court has discretion to impose a downward dispositional departure if a defendant is particularly amenable to probation, but it is not required to do so").

A district court has "great discretion in the imposition of sentences" and we will reverse its decision "only for an abuse of that discretion." *Soto*, 855 N.W.2d at 307-08 (quotation omitted). Accordingly, we will not interfere with a district court's decision to impose the presumptive sentence "as long as the record shows the sentencing court carefully evaluated all the testimony and information presented before making a determination." *State v. Pegel*, 795 N.W.2d 251, 255 (Minn. App. 2011) (quotation omitted). It is only in a "rare" case that we will reverse a district court's decision not to depart. *Walker*, 913 N.W.2d at 468 (quoting *State v. Kindem*, 313 N.W.2d 6, 7 (Minn. 1981)).

Here, the district court denied Lachapelle's motion for a downward dispositional departure. In explaining its decision at the sentencing hearing, the district court noted that Lachapelle failed to cooperate with the PSI after he entered his plea in January 2024 and he did not appear in June 2024 for the scheduled sentencing hearing. The district court told Lachapelle at the subsequent November 2024 sentencing hearing that "but for being arrested on the new domestic [assault case] in Hennepin County, I don't think you would be here today. We wouldn't be moving forward with sentencing." The district court continued, "this was an agreed upon 36-month sentence with the option to argue for a departure, knowing that the [s]tate was going to oppose it." And the district court ended

by saying, "[s]o with that I just feel like my hands are tied and I don't have a choice." The district court then imposed an executed presumptive sentence of 36 months' imprisonment.

Lachapelle argues that the district court's denial of his motion for a downward dispositional departure constitutes an abuse of discretion because he established that he is particularly amenable to probation. He notes that, at the time of sentencing, he had been accepted into a treatment program and completed his GED. And he further argues that he demonstrated remorse, accepted responsibility, cooperated with the court, and has the support of his mother. For these reasons, Lachapelle contends that the district court abused its discretion by declining to depart. We do not agree.

Here, the record reflects that the district court carefully considered the circumstances for and against departure—including the arguments of counsel and Lachapelle's statements to the district court—before denying his request for a downward dispositional departure. The district court reasoned that Lachapelle was not particularly amenable to probation because he failed to cooperate with the PSI and did not appear for the June 2024 sentencing hearing. And, although the district court did not specifically address the *Trog* factors before imposing the presumptive sentence, it was not required to do so. *See State v. Van Ruler*, 378 N.W.2d 77, 80 (Minn. App. 1985) (noting that a district court "is required to give reasons for departure," but "an explanation is not required when the court considers reasons for departure but elects to impose the presumptive sentence"). Because the district court carefully considered the record and the arguments before it on Lachapelle's motion for a departure, we discern no abuse of discretion by the district court in its decision to deny the motion and instead impose the presumptive sentence. *Pegel*,

7

795 N.W.2d at 255. And, even assuming the justifications put forth by Lachapelle could support a downward dispositional departure on the basis of particular amenability, "the mere fact that a mitigating factor is present . . . does not obligate the [district] court to place [a] defendant on probation . . . ." *Id.* at 253-54 (quotation omitted). The district court acted well within its discretion when it denied Lachapelle's motion for a downward dispositional departure and imposed the presumptive guidelines sentence.

In urging this court to reach a different result, Lachapelle argues that the district court abused its discretion by stating that its "hands [were] tied" and that the court did not "have a choice" because the plea agreement anticipated a 36-month sentence. Lachapelle maintains that "the district court believed it did not have any discretion" to grant a departure, which constitutes error. We are not persuaded that the record reflects that the district court believed it did not have the discretion to grant a departure.

An appellate court may remand for resentencing when a district court fails to exercise its discretion. *See State v. Curtiss*, 353 N.W.2d 262, 264 (Minn. App. 1984) (remanding when the district court failed to exercise discretion). When viewed as a whole, it is clear that the district court declined to depart based on the underlying facts and circumstances in the record. In other words, the district court exercised its discretion. The district court's colloquial statement that its "hands [were] tied" did not suggest that it lacked discretion. Rather, the district court was indicating that Lachapelle had not demonstrated that he was particularly amenable to probation and, therefore, the district court had no basis on which to grant a downward dispositional departure. And although the district court could have provided a more fulsome explanation, appellate courts do not

8

require a district court to provide an explanation for its decision when it "considers reasons for departure but elects to impose" a sentence within the guidelines range. *Van Ruler*, 378 N.W.2d at 80.

Taken as a whole, we conclude the district court did not abuse its discretion when it decided to deny the motion for a downward dispositional departure. This is not the "rare case" compelling this court to disturb the district court's imposition of the presumptive sentence. *Soto*, 855 N.W.2d at 305.

## II. The district court did not abuse its discretion by denying Lachapelle's motion to continue the sentencing hearing.

Lachapelle argues in the alternative that the district court abused its discretion by denying his motion to continue the sentencing hearing. Lachapelle urges us to remand the matter to the district court with instructions to conduct another sentencing hearing. We decline to do so.

We review a district court's denial of a continuance of a sentencing proceeding for an abuse of discretion. *State v. Mix*, 646 N.W.2d 247, 250 (Minn. App. 2002), *rev. denied* (Minn. Aug. 20, 2002). We "will not reverse the denial of a motion for continuance" absent a showing of prejudice. *Id.* A district court abuses its discretion if it "acts arbitrarily, without justification, or in contravention of the law." *Id.* The district court has broad discretion to consider whether to grant or deny a motion to continue the sentencing hearing, provided the parties have adequate time to prepare. *See* Minn. Stat. § 244.10, subd. 1 (2024) (stating that a sentencing "hearing shall be scheduled so that the parties have adequate time to prepare and present arguments regarding the issue of sentencing").

9

Lachapelle requested a continuance of the sentencing hearing to allow him to "complete a meaningful PSI." Lachapelle also argued that a continuance would give him more time to "obtain further documentation of his medical condition," which he claims prevented him from appearing at the initial sentencing hearing in June 2024. The district court denied the request. The district court stated that Lachapelle "didn't cooperate with the PSI, didn't appear for sentencing," and did not keep counsel informed of his medical issues. The district court found that "[t]he only reason" Lachapelle was in court was because he was in custody on another charge. For these reasons, the district court denied Lachapelle's continuance request.

We discern no abuse of discretion in the district court's decision. A district court's decision to grant or deny a continuance "should be based on all facts and circumstances surrounding the request." *State v. Vance*, 254 N.W.2d 353, 358 (Minn. 1977). Here, the district court denied Lachapelle's continuance request based on all the circumstances, including Lachapelle's lack of cooperation with the PSI, his failure to appear at hearings, and his failure to remain in contact with the district court. The record supports the district court's decision. As to the PSI, the district court ordered Lachapelle to complete the PSI and report to corrections, but Lachapelle failed to do so. Probation submitted a PSI indicating that it had not been able to interview Lachapelle. The district court instructed probation to create an updated PSI after Lachapelle's car accident, but Lachapelle provided only minimal information on the questionnaire and did not complete the PSI interview. Additionally, the record supports the district court's statements that Lachapelle failed to appear for the initial sentencing hearing in June 2024, and did not remain in contact with

10

the district court. Indeed, Lachapelle did not appear in court again until November 2024, after he was taken into custody. On this record, we are satisfied that the district court's decision to deny Lachapelle's continuance request was "based on all facts and circumstances surrounding the request." *Id.*

Further, we will reverse the denial of a continuance request only if the moving party shows that they were prejudiced because of the denial. *See Mix*, 646 N.W.2d at 250; *see also Vance*, 254 N.W.2d at 358-59 (stating that, "[i]n determining whether the [district] court was within its sound discretion in denying a motion for a continuance, [a reviewing court] looks to whether the defendant was so prejudiced in preparing or presenting his defense as to materially affect the outcome of the trial"). Lachapelle argues that he was prejudiced because he was sentenced "without a complete PSI" and without the opportunity to participate in treatment. Lachapelle contends that, if given the opportunity, he could have gathered more evidence concerning his amenability to treatment and provided his medical records to the court. We are not persuaded. There is nothing in the record suggesting that the district court would have granted Lachapelle's departure request even with a continuance. *See Mix*, 646 N.W.2d at 250 (determining that the appellant did not make a showing of prejudice because, although the appellant hoped the district court would grant a departure motion, "the record establishe[d] no basis for a presumption that [the judge] would have departed"). Thus, Lachapelle has not shown that he was prejudiced by the denial of his motion to continue the sentencing hearing.

Because the district court did not "act[] arbitrarily, without justification, or in contravention of the law" by denying Lachapelle's continuance request, and because

11

Lachapelle has not demonstrated prejudice, we do not disturb the district court's decision to deny Lachapelle's continuance request. *Id.*

**Affirmed.**